## REPUBLIC RUBBER CO. v. MORGAN & WRIGHT.

(Circuit Court of Appeals, Second Circuit. May 13, 1912.)

No. 203.

PATENTS (§ 328*)—INVENTION—VEHICLE TIRE.

> The Mell patent, No. 898,907, for a tire for vehicle wheels having pro-
> tecting studs around the tread surface to prevent skidding, in view of
> the prior art, and especially of the tire of the British patent to Healy,
> in 1895, is void for lack of invention; no more than mechanical skill
> being required to modify the Healy tire, as was in fact done by Mell,
> to better adapt it to use on automobiles.

Appeal from the District Court of the United States for the South-
ern District of New York.

Suit in equity by the Republic Rubber Company against Morgan &
Wright. Decree for complainant, and defendants appeal. Reversed.

Appeal from a decree sustaining the validity of the first claim of
letters patent No. 898,907, issued to Tod H. Mell, assignor of the
complainant, on September 15, 1908, for an improvement in tires for
vehicle wheels.

Ernest Hopkinson (Antonio Knauth and Edward W. Vaill, of
counsel), for appellants.

Bayard H. Christy and Marshall A. Christy, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The patent in suit is for an improvement
in resilient vehicle tires and consists, speaking broadly, in an arrange-
ment of protecting studs around the tread surface of the tire, having
for its primary object the obtaining of superior road gripping qual-
ities and the preventing of the vehicle from side-slipping or "skid-
ding."

The first claim of the patent—which was sustained by the lower
court—reads as follows:

"A tire for vehicle wheels, provided with outwardly projecting circumfer-
entially arranged elongated studs each having inwardly diverging walls, a
flat outer surface, and a relatively large base, substantially as described."

The defenses are:

(1) Invalidity
(2) Noninfringement.

In considering the question of the validity of the patent we should
look, in the first place, for the disclosure in the prior art which seems
to approach most closely the claimed invention, and our attention is
at once attracted to the English patent granted to Healy in 1895.

Taking up then the Healy patent we may conveniently test the
question of anticipation with reference to the rule that that which
infringes if later anticipates if earlier. Let us then assume that
the Healy patent is of later date than the patent in suit and see
whether it infringes.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The patent in suit is for an improved outer surface of a vehicle tire and it is not limited in scope to any class of vehicles, although an automobile is indicated as an example of an appropriate use. The Healy patent is also for an improved outer surface of a tire and likewise is not limited to any class of vehicles, although cycles are mentioned particularly.

The structure of the patent in suit is designed especially for use in connection with pneumatic tires but may be used with other tires. The Healy patent is confined to pneumatic tires. This distinction is not of importance, however, as all the tires in question in this case are pneumatic tires.

The primary object of the structure of the patent is to give good road-gripping qualities and reduce to a minimum "all side 'skidding' tendencies." The purpose of the Healy structure is to give a better "bite" and prevent side-slipping.

The patentee seeks to accomplish his object by providing the tread surface of the tire with a circumferential arrangement of elongated outwardly projecting studs arranged so as to break joints. Healy seeks to obtain the same object by a similar arrangement of elongated outwardly projecting studs.

From the examination thus far made it is apparent that the present patentee and the Healy seek to accomplish the same object and to accomplish it, so far as now disclosed, in substantially the same way. The Healy patent would clearly infringe unless there are some minor differences in construction which differentiate it from the patent in suit. And the only differences claimed to exist are those relating to the form of the projecting studs.

It is pointed out that the studs of the claim in issue have inwardly diverging walls with flat outer surfaces while the Healy studs are described as being semicircular in cross section.

It is also pointed out that the studs of the claim have a relatively large base, and if we assume that this requirement means something more than the requirement of inwardly diverging walls and implies a fillet at the base of the studs, the presence of such fillets constitutes another difference in form from the Healy studs.

The patents, accomplishing the same object in so nearly the same way, we regard it as very doubtful whether the Healy structure would avoid infringement by the mere differences in the form of the studs if it were later, and being earlier, we have the same doubt whether it does not anticipate. Possibly, however, precise anticipation does not appear, and we deem it desirable to proceed further with the examination and determine whether, with the Healy patent alone or with other patents in the prior art, invention is to be found in the patent in suit.

We might consider this question altogether in the abstract. But we can do better than that in this case. The record shows the patentee—Mr. Mell—actually starting out with the Healy structure, and the changes which he made in it for which he obtained the present patent. The case is rather remarkable in that we can see the patentee making changes in the nearest structure of the prior art

and can determine better than ordinarily whether such changes involved the exercise of the inventive faculties or mere mechanical skill.

It appears from the testimony that the attention of Mr. Mell—an automobile tire maker—was called to the Healy patent and that he had a tire with a stud arrangement constructed in accordance with that patent for use on an automobile and ran it for some two hundred miles. After this experimental run, the patentee talked about the condition of the tire with his associate Petersen. Petersen called Mell's attention to the fact that many of the studs were gone and that others were badly undercut and Mell said that he could easily remove the objection of undercutting by putting a fillet around the stud and tapering it off from the tread. He also suggested that the Healy stud was too pointed; that they were a little too narrow and light, and that more studs should be put on the tread. Thereupon, as Petersen says, "Mr. Mell and I talked it over in the house and we decided to make the studs more blunt and wider and set them close together and then Mr. Mell went ahead and got up the drawings and had moulds made and we made some tires of that kind. That was the Staggard tread tire"—"Staggard" being the name of the tire made under the patent in suit.

It is thus quite apparent that the difficulties which appeared in the Healy structure were easy of solution. No experiments were necessary. The remedy seems to have been quite obvious. We think it the better view that any head workmen in the tire art should have been able to make the studs larger and flatter and to provide a filleted base to prevent them from being torn off. The case is one in which the language of Mr. Justice Matthews in Hollister v. Benedict, 113 U. S. 59, 73, 5 Sup. Ct. 717, 724 (28 L. Ed. 901), seems applicable:

"A skilled mechanic, witnessing the performance of a machine, inadequate by reason of some defect, to accomplish the object for which it had been designed, by the application of his common knowledge and experience perceives the reason of the failure, and supplies what is obviously wanting. It is but the display of the expected skill of the calling and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the faculty of manipulation which results from its habitual and intelligent practice, and is in no sense the creative work of that inventive faculty which it is the purpose of the Constitution and the patent laws to encourage and reward."

But we do not find it necessary to hold that on account of the presence of the Healy patent alone in the prior art, the patent in suit is invalid for want of invention. The Healy patent includes all vehicle tires and would embrace those of automobiles. The patent in suit embraces all tires and would include those of cycles. Assuming, however, that the Healy patent is to be regarded as relating to cycles and the present patent to automobiles and that automobiles require more of tires than cycles, still there were many patents and uses in the prior art showing automobile tires with studs upon their tread surface to prevent skidding and to accomplish the objects stated in the patent. Thus, for example, the Clark British patent of 1904, shows a cover for pneumatic tires for motor vehicles with studs to prevent skidding or side-slipping, and some of the illustrations of

this patent show an arrangement of projections quite similar to those of the patent in suit. So the Heinemann British patent of 1907, shows various arrangements of studs upon the tread surface of motor vehicle tires. The record also shows many uses in the prior art of non-skid automobile tires with projecting studs variously arranged.

Therefore, in determining whether invention is to be found in making the changes in the Healy tire—regarded as a bicycle tire—to obtain the tire of the patent in suit—regarded as an automobile tire—we must consider the automobile tires shown in the prior art. And considering the art as it is shown to have existed, we are unable to reach any other conclusion than that the tire of the patent in suit, although successful, came into existence through the exercise of mere mechanical skill and not of the inventive faculties.

The decree of the District Court is reversed with costs and the cause is remanded with instructions to dismiss the bill with costs.