REPUBLIC RUBBER CO. v. G. & J. TIRE CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1914.)

No. 2044.

1. PATENTS (§ 328*)—INVENTION—VEHICLE TIRE.
    Mell patent, No. 898,907, for a rubber tire for vehicle wheels, having projecting elongated studs on the tread surface to prevent skidding, was a mere modification of the prior art disclosed by the Healy British patent granted in 1895, and was void for lack of patentable invention.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. PATENTS (§ 35*)—SCOPE OF PRIOR ART—USEFULNESS.**

Proof that a patented article has developed a higher degree of usefulness and has become a great commercial success is available only to resolve a doubt in favor of the patentee on the question of patentability, when the court, after full consideration, is left in doubt as to the nature and scope of the patent, and comparison thereof with the teachings and structures of the prior art; proof of utility and commercial success being unavailable however to create such a doubt.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 39; Dec. Dig. § 35.*]

Appeal from the District Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

Suit in equity by the Republic Rubber Company against the G. & J. Tire Company. From a decree dismissing the bill, complainant appeals. Affirmed.

Appellant's bill, charging appellee with having infringed claim 1 of patent No. 898,907, September 15, 1908, to appellant as assignee of Mell, was dismissed for want of equity.

Mell's application was for improvements in tires, and his particular objects were to improve the road-gripping and anti-skidding qualities.

Drawings of the surfaces and of the contours of the Mell tire and also of the earlier Healy tire are as follows:

Claim 1, on which infringement was predicated, reads as follows:

"(1) A tire for vehicle wheels provided with outwardly projecting, circumferentially arranged, elongated studs, each having inwardly diverging walls, a flat outer surface, and a relatively large base, substantially as described."

Bayard H. Christy, of Pittsburgh, Pa., for appellant.

Charles Martindale, of Indianapolis, Ind. (Livingston Gifford, Ernest Hopkinson, and Edward W. Vaill, all of New York City, of counsel), for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

*Mell Patent in Suit.*      *Healy British Patent.*

BAKER, Circuit Judge. [1] This Mell patent was quite fully considered by the Circuit Court of Appeals for the Second Circuit in the case of Republic Rubber Co. v. Morgan & Wright, 197 Fed. 549, 117 C. C. A. 45. In view of the prior art and the nature of the alleged improvements it was held that the patent was void for lack of invention. Counsel for appellant insist in this court: First, that they are entitled to the independent judgment of this court, despite the adverse decision in the second circuit; and, second, that the record in this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court differs from the record in the second circuit in such material particulars that a different result should be reached, even if this court upon the facts that were before the court of the Second Circuit should concur in the conclusion there reached.

In both records appear the Healy patent and other structures of the prior art, and also the testimony in relation to what Mell actually did in producing his tire. The Healy tire was for bicycles, and the Mell tire was designed especially for use on automobiles. Therefore the Mell tire had to be constructed in a way to bear much heavier weights and meet much greater strains than was the case with the Healy tire. But Healy, for the use of bicyclists, sought to accomplish the same objects which Mell later sought for automobilists, namely, the improvement of road-gripping and anti-skidding qualities. And to accomplish those purposes Healy devised a tire provided with outwardly projecting, circumferentially arranged, elongated studs, in parallel lines, and arranged so as to break joints; and each stud considered separately had a base which was relatively larger than its bearing surface, and necessarily had walls which diverged toward the base. The only difference between the Healy and Mell tires (apart from the difference of dimensions between a bicycle tire and an automobile tire, and the size and number of studs) is that the outer surface of the Healy stud is rounding while the outer surface of the Mell stud is flat, and the base of the Healy stud meets the tread at an obtuse angle while the base of the Mell stud meets or merges into the tread with a curve. These changes in detail, when for automobile uses it seemed desirable to make the studs broader and firmer, would seem to be obvious. And the recital of the testimony given in 197 Fed. at page 551, 117 C. C. A. 45, shows that Mell, in trying out the Healy tire for automobile use, at once observed what details should be changed and instantly suggested how to change them. We agree with the Circuit Court of Appeals for the Second Circuit that in so doing Mell employed nothing higher than the ordinary knowledge and skill of a mechanic versed in the art of rubber manufacture, as that art stood prior to the filing of his application.

[2] In the record before us the new thing is said to be the testimony which bears upon the high degree of usefulness of the Mell tire and also the great commercial success that has been achieved in its manufacture and sale. Matters of this kind can only be used to resolve a doubt in favor of the patentee, when the court has been left in doubt after a full consideration of the nature and scope of the patent and a comparison thereof with the teachings and structures of the prior art. Utility of a device and commercial success in exploiting it cannot be used to resolve the doubt as well as to create it, else every useful and successful thing would be patentable.

The decree is affirmed.