## In re SHETTERLY.
### Patent Appeal No. 2670.

Court of Customs and Patent Appeals.
April 15, 1931.

Vernon M. Dorsey, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the action of the Examiner in refusing to allow a patent for "the ornamental design for sheet glass as shown."

The so-called design is to be found on one surface of glass such as is ordinarily used in office partitions, etc., and has for one of its purposes the obstruction of the rays of light so as to make the glass translucent rather than transparent.

The reference cited by the Examiner and the Board of Appeals is Burgess (design) 18,647, October 2, 1888, for wall paper.

In the rejection of the claim of the application by the Examiner, he assigned two reasons: (1) The article fails to present a definite design, citing Harmon Paper Co. v. Kimberly (D. C.) 289 F. 501. (2) From an ornamental standpoint it is not sufficiently distinctive over the reference to justify patentability.

The Board of Appeals for the same reasons affirmed the action of the Examiner, and in closing its decision said: "We think the article fails to present a definite design and, from an ornamental standpoint we think it is not sufficiently distinctive over the reference to justify patentability."

The fact that it is not a distinctive design makes its description difficult. The applicant describes it in the following language: "A design to be applied to one face of a glass sheet, such as used in office partitions, etc., and which may therefore be seen by transmitted light. It is formed by placing corrugations, more or less sinuous and parallel, on one side of the sheet."

The Examiner, in his attempt to describe it, says: "Applicant's alleged design consists of a series of wavy lines without any definite 'motif.'"

The Board of Appeals describes it as follows: "Appellant's design, as disclosed in his drawing, shows a surface of parallel wavy lines of variable thickness, the thickened portions being irregularly spaced along the lines and frequently being adjacent a thickened portion of the next adjacent lines, thus form-

ing a mottled appearance of light and dark spots of irregular outline."

It is clear from the above descriptions that it is going to be very difficult to set out here by the use of language only such a description of the proposed design as will permit the reader to form a mental picture of the same. The drawing is not very helpful, since it shows only heavy black and white nearly parallel lines. There are places where the ends of the lines overlap and short intervening lines are also used to give a mottled effect. This overlapping and the intervening lines give the effect of making a surface with irregular spots.

Fortunately we have before us a piece of the glass which contains the so-called design and which differs in appearance from the drawing. The glass is smooth on one side, and on the other there are very slight indentations, irregularly placed, which make the glass slightly thinner in certain places than it is in others. These indentations are so numerous and irregularly spaced as to be incapable of being definitely described or located. They are, however, apparent to the eye when the glass is turned in certain directions, and their presence may be ascertained by passing the hand over one surface of the glass. In addition to the indentations on the surface of the glass above referred to, there is a series of short wavy lines, all running in one general direction, and for the most part parallel, giving an impression to the eye similar to that which would result if a stubby brush was passed over the surface of the glass when in a partly molten condition, the brush being raised and again replaced frequently in its movement across the face of the glass.

The record does not disclose how the design is made, and agreeable to Gorham Co. v. White, 14 Wall. 525, 20 L. Ed. 731, we regard this as of no consequence in determining the issue of the case. The fact that the manner of its construction is difficult of determination, and that its reproduction would be difficult, if not impossible, by any one, although skilled in the art, unless he had the models or brush or particular instrumentalities which produced it, has a bearing upon the proposition that the article is lacking in definite design. In re Stirling, 47 F.(2d) 809, 18 C. C. P. A. ——.

It is not suggested by appellant whether the design is one of configuration of the piece of glass or is an ornamental design applied to the surface of the glass, or is both. In any event, we do not think it is the kind of distinctive ornamental design, the invention of which Congress sought to encourage when it enacted the design patent statute.

In the reference Burgess the lines are more curved than in the drawing of the design at bar. The whole appearance of the Burgess design, although composed of substantially parallel wavy black lines, overlapping at the ends, on a white background, is somewhat different from the appearance of the drawing of the design at bar, and yet we agree with the conclusion of the Board and the Examiner that there is no patentable ornamental distinction between them.

During the argument before this court, it was suggested that appellant's claim could not be allowed for the reason that it called for a structure which performed a function. This question was not considered by the tribunals below, and, since we agree with them on their reasons for rejection, it is not necsary for us to consider this question.

The decision of the Board of Appeals is affirmed.

Affirmed.