## SWANFELDT v. WALDMAN.

District Court, S. D. California, C. D.
April 30, 1931.

Stick, Moerdyke & Gibson, of Los Angeles, Cal., for plaintiff.

Westall & Wallace, of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

This is a suit in equity for alleged infringement of three patents, Nos. 68,354, 68,355, and 68,356, respectively, granted to Andrew Swanfeldt for designs for textile fabrics, and of patent, No. 1,625,690, granted to Andrew Swanfeldt for ornamental awning fabric and method of making the same. The bill of complaint attempts to set up an additional ground of equitable relief for unfair competition.

The defenses to the three design patents are: First, noninfringement; second, anticipation and invalidity in view of the prior state of the art; and third, defenses of invalidity because of triple patenting by plaintiff for substantially the same design. The defenses interposed against the method or process patent for ornamental awning fabric and making the same are: First, invalidity; and, second, noninfringement.

Upon the alleged grounds of suit for unfair competition, it is sufficient to state that this court is without jurisdiction in such matters because of insufficiency of fact in the bill of complaint. It appears therefrom that both plaintiff and defendant are and were during all material time citizens and residents of the state of California. There is no diversity of citizenship present, and there is no federal question involved as far as unfair competition is concerned. A federal court is without jurisdiction of a cause of action for unfair competition where there is no diversity of citizenship between the parties, although joined with a cause of action for infringement of patent. In Burns Co. v. Automatic Recording Safe Co. (C. C. A. 7) 241 F. 472, 486, which involved a similar proposition, the court said: "In so far as unfair competition is relied upon as a separate and distinct cause of action, the court was without jurisdiction * * * as there was no

diversity of citizenship." It is to be observed, however, that, inasmuch as this court finds infringement by defendant of the process or method patent No. 1,625,690, and further finds from the evidence that defendant has engaged in unfair and deceptive competition with plaintiff as appears particularly by the testimony of the witnesses Jeffries and Harris, that in the accounting herein ordered, it will be proper to receive evidence upon the question of aggravated damages, if any, by reason of such unfair and deceptive competition. Burns Co. v. Automatic Recording Safe Co., supra.

■ From inspection and examination of the exhibits, and particularly Exhibits 19A, 19B, 19C, 19D, and 19E, I am of the opinion that each of the three design patents is valid, and' that none of them have been infringed by the defendant. Each of these patents contains but one brief claim as follows: "The ornamental design for a textile fabric as shown." The only further specification or description of the design patented is a pictorialization of the design, except that it is stated in the patent that it is "a new, original, and ornamental Design for Textile Fabrics." In the light of the leading case of Gorham Mfg. Co. v. White, 14 Wall. 511–531, 20 L. Ed. 731, the Circuit Court of Appeals of the Second Circuit in American Fabrics Co. v. Richmond Lace Works, 24 F.(2d) 365, 367, discussing design patents, said: "The test of infringement is whether the two designs have substantially the same effect upon the eye—not the eye of an expert, but the eye of the ordinary observer, giving such attention to the matter as purchasers usually give. [Citing cases.] The defendant's patent concededly has all the elements of the plaintiff's design, and in identical arrangement, except that it has reduced the petals of the central rayed figure from sixteen to eight, changing somewhat their shape, and reducing the size and appearance of the hub at the center of this figure. These changes were made after the defendant had desisted from producing an exact copy, and while the trade demand for plaintiff's design was at its height. Such circumstances invite close scrutiny of the claim of noninfringement. On the other hand, the plaintiff's patent, which contains no written description of his design, must be construed as limited to substantially the pattern shown in his drawing [citing cases], although servile imitation is not required for infringement, even for a design patent without written description [citing cases]. But if de-

fendants' changes result in producing a substantially different effect upon the eye, so that the two patterns are reasonably distinguishable, infringement will be avoided." The nearest approach to similarity of appearance is defendant's Exhibit 19C, but even that design does not invade the narrow and limited claim of the design patents. See also, Ashley v. Tatum Co. (C. C. A.) 186 F. 339.

■ As to patent No. 1,625,690, for ornamental fabric and method of making the same, I find an entirely different situation. The patent is presumed valid by reason of its issuance and upon proof that it had been granted, which is undisputed; the plaintiff has made out a prima facie case, if the evidence shows the defendant to have manufactured and sold awnings that come within the proper scope of the claims of the patent. These requirements, I think have been sufficiently met by the evidence herein. The patent has but one claim, which reads as follows: "The method of ornamenting awning material which consists in covering the material with a composite design embodying a plurality of dissimilar characters of different colors arranged so as to produce a nonpatterned effect." There is not available to defendant any defense of anticipation because of his failure to properly plead matters by answer that would constitute anticipation. See 35 USCA § 69. The required notice was not given or proven in this suit, and under such circumstances all of the evidence in the record of alleged prior uses of methods or processes for decorating or ornamenting awning fabrics can be considered only to show the state of the art and to aid in the proper construction of the patent and its claim. It was shown that until Swanfeldt's conception of ornamenting awning material, the field was limited to designs of a definite and discernible pattern arranged in "line" or "lanes" or unassociated "units." Swanfeldt contributed to the art a method that had no such definiteness and uniformity of configuration, a method whereby the awning material presented a unique and pleasing appearance that was devoid of patterned regularity and straight-line characteristics. This progress in ornamenting awning material was recognized by the Patent Office and was considered invention over any existing state of the art. There has been evidence offered by defendant directed to show that for some years prior to plaintiff's conception, awning material had been similarly decorated and com-

mercially used. This evidence is produced by witnesses who relate memories of such activities, but there have not been produced any drawings, pictures, or other physical objects to corroborate such memories, and in such situations, it is dangerous to overthrow the presumption of invention that attaches to the grant of a patent. Moreover, the commercial utility and success of the patent is shown by evidence of sales of approximately 80,000 yards of ornamented awning material under the patent.

I find that plaintiff's Exhibit 14 is an infringement of Patent No. 1,625,690. Exhibit 14 was manufactured and sold by the defendant in June, 1928. I think that the closing or obstruction of the straight lines, aisles, or lanes in Exhibit 14 is a clear appropriation of plaintiff's invention in ornamenting awning material. I find no reason for introducing the diamonds or squares in the lanes, spaces, or aisles of Plaintiff's Exhibit 14 except to simulate and appropriate the non-patterned effect of ornamenting awning material with a composite design embodying a plurality of dissimilar characters of different colors in the claim of the patent in suit. The specifications and verbiage of the patent should be considered in ascertaining the scope and purview of the claim. Diamond Patent Co. v. Carr (C. C. A. 9) 217 F. 400. The language of the patent in suit, in lines 70 to 79, "It is important, however, that the arrangement of the different characters forming the composite design be such as to produce an effect which will be free from lanes or aisles which would separate the characters or groups of characters so as to avoid a patterned effect," clearly brings defendant's awning within the claim.

To summarize, it is held that the three design patents in suit are valid but narrowly limited as design patents and therefore not infringed by defendant and that patent No. 1,625,690, for improvement of ornamental awning fabrics and making the same, granted April 19, 1927, is valid and infringed by defendant.

Accordingly,· a decree is ordered for plaintiff, and this cause is referred to David B. Head, as special master pro hac vice, with plenary powers for an accounting and report to the court for further proceedings herein. Solicitors for complainant will accordingly prepare and present such decree pursuant to the rules of this court.