## WALDMAN v. SWANFELDT.

### No. 6818.

Circuit Court of Appeals, Ninth Circuit.

July 24, 1933.

Joseph F. Westall, of Los Angeles, Cal., for appellant.

Stick & Moerdyke, of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is an appeal from a decree holding United States letters patent 1,625,690, issued to appellee, plaintiff below, for "ornamental awning fabric and method of making the same," valid and infringed, and directing the usual accounting of profits and damages. Swanfeldt v. Waldman (D. C.) 50 F.(2d) 445. Appellant in his answer denied appel-

lee was the inventor of any such new and useful fabric and method of making the same, and alleged that said patent is void for want of patentable invention.

▉ Appellant contends that on its face the patent is not for either of the objects mentioned in its descriptive title, in that it is not for an awning fabric, i. e., a "manufacture" or for a "design," within the meaning of the statute defining patentable subject-matter, which in part reads:

"Any person who has invented * * * any new and useful art, machine, manufacture, or composition of matter * * * may * * * obtain a patent therefor." R. S. § 4886 (35 USCA § 31).

"Any person who has invented any new, original, and ornamental design for an article of manufacture, * * * may * * * obtain a patent therefor." R. S. § 4929 (35 USCA § 73).

It is also further contended that while the single claim of the patent purports to cover a method or process, it is not for a patentable "art" within the meaning of that statute.

The claim reads as follows: "The method of ornamenting awning material which consists in covering the material with a composite design embodying a plurality of dissimilar characters of different colors arranged so as to produce a non-patterned effect."

If the patent in question covers a patentable art or process, it is because of the "method of ornamenting" which is declared in the specifications to the claim for patent as follows:

"An important object of my invention is to provide an improved method for ornamenting awning materials which consists in covering the material with a composite design formed of a plurality of characters arranged in different colors so as to produce a non-patterned effect. * * *

"I have shown in the accompanying drawings a preferred embodiment of my invention, subject to change within the scope of the appended claim without departing from the spirit thereof, in which:

"Fig. 1 is a perspective view of a bolt of weather-proof awning material ornamented on the exposed surface in accordance with my invention.

"Fig. 2 is a perspective view of an awning constructed of the material shown in Fig. 1.

"Fig. 3 is a perspective view of a bolt of awning material previous to the ornamenting operation.

"Fig. 4 is a diagrammatic view of means for applying the paint in colors to the awning material shown in Fig. 3.

"Figs. 5, 6 and 7 are, respectively, perspective views of a series of printing or painting members, having dies or printing surfaces thereon corresponding to the different figures and colors of the design to be printed or painted on the awning material shown in Fig. 1."

Here we have disclosed the method claimed in the patent for ornamenting bolts of weather-proof awning material. We may assume, without so deciding, this method to be patentable, as in the nature of an art, machine, or process, and to be covered by the patent.

As defined by the Supreme Court in Cochrane v. Deener, 94 U. S. 780, 788, 24 L. Ed. 139: "A process is a mode of treatment of certain materials to produce a given result. It is an act, or a series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing. If new and useful, it is just as patentable as is a piece of machinery. In the language of the patent law, it is an art."

It is not claimed, however, that the material ornamented and designed, or manufactured and sold by appellant, was so ornamented by use of the same or substantially the same process. It is not the process used by appellant which is sought to be enjoined, but the manufacture or sale by him of awning material having a composite design of varying characters and colors so arranged as to produce a nonpatterned effect. In effect it is the contention of appellee that the patent grants to him a monopoly on any design used on awning material, which design is composite and embodies a plurality of dissimilar characters of different colors arranged so as to produce a nonpatterned effect. The specifications declare:

"This invention relates to and has for a main object the provision of a new and novel textile awning fabric and method of ornamenting the same in fanciful designs."

"It will be understood that I do not limit myself to the particular design shown, as various designs may be employed by changing the designs on the printing rollers."

"It will be understood in the consideration of this invention that heretofore awning materials have been of a conventional design, including stripes in one or more colors, which renders the material unattractive and incapable of ornamentation except within narrow limits in order that one awning may be distinguished from the other.

"It is a purpose of my invention to provide a distinctive awning fabric susceptible to different treatments and to various kinds of ornamentation, by means of which an awning of a certain design may be more or less exclusive and individual in appearance, thus rendering the buildings on which the awnings are used more attractive and at the same time providing all of the benefits occasioned by the use of awnings as heretofore."

"It is important, however, that the arrangement of the different characters forming the composite design be such as to produce an effect which will be free from lanes or aisles which would separate the characters or groups of characters so as to avoid a patterned effect."

The contention of appellee in respect to the patent No. 1,625,690 is stated in his brief as follows:

"The patent is not invalid in that it attempts to cover a design or multiple design. The patent in this case is a method patent. Great stress is laid upon the fact that it is supposed to be a design. The patent clearly sets forth a method by which a new and distinct kind of awning material is produced."

"The patent in question, however, is a method of producing an awning of a kind not heretofore in use. It does not make or produce any given design on the awning; a hundred different awnings could be produced under the patent, each of which differ in design, and each of which designs could be the subject of an individual patent. It is therefore not the design that is being patented by the patent in question, but the method of producing an awning; neither is it indefinite, vague and indistinct; its language is common language, with words impressed with distinct meanings, and it would seem, as it did seem to the trial court, that the wording of the claim was sufficiently lucid for the defendant to copy."

If it may be said that the claim of the patent in question covers any composite design where the different characters forming the same are so arranged as to produce an effect which will be free from lanes or aisles which would separate the characters or groups of characters so as to avoid a patterned effect, it is apparent that there would be no limit to the number of designs which might be devised within such prescribed limitations. This would also be true with a varied coloring of the characters.

The decree entered against defendant-appellant is based upon the holding "that the closing or obstruction of the straight lines,

aisles, or lanes in Exhibit 14 (Defendant's design) is a clear appropriation of plaintiff's invention in ornamenting awning material."

The effect of the decree is a determination that the patent No. 1,625,690 not only covers a process for ornamenting awning material, but any composite design therefor of various characters and colors so arranged as to be free from lanes or aisles, and thus avoiding a patterned effect. This, if valid, would be a multiple design patent. Our attention has not been called to any decision holding such a multiple design patent to be within the purview of the statute. It is clear from the language of the statute quoted, supra, that no such multiple design patent is within the terms of its provisions.

While decisions may be cited sustaining patents covering both a process and its product, as in the case of Armstrong Cork Co. v. W. & J. Sloane Mfg. Co. (C. C. A.) 27 F. (2d) 644, cited by appellee, such cases present a very different question than that presented where it is sought to sustain a patent both for a process and a design. While it is clear that such a patent could not cover a multiple of designs, it is also clear that the statute does not contemplate a patent covering both a process and a design. This view finds support in the following authorities: Gorham Mfg. Co. v. White, 14 Wall. (81 U. S.) 511, 20 L. Ed. 731; Harmon Paper Co. v. Prager (C. C. A.) 287 F. 841; Weisgerber v. Clowney (C. C.) 131 F. 477, 480; In re Shetterly (Cust. & Pat. App.) 48 F.(2d) 421; In re Stirling (Cust. & Pat. App.) 47 F.(2d) 809; Dukes v. Bauerle (C. C.) 41 F. 778.

Decree reversed.