22 C. C. P. A. (Patents)

## In re SMITH.

Patent Appeal No. 3530.

Court of Customs and Patent Appeals.
May 27, 1935.

Edmund H. Parry, Jr., of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office rejected appellant's claim for an ornamental design for a naked baby doll, which decision of the Examiner was affirmed by the Board of Appeals. From the decision of the Board, appellant has appealed here.

The design involved is that of a naked baby doll which has the natural or lifelike characteristics and the form and posture of a baby. The legs are drawn up toward the trunk, and one foot overlaps the other, the feet pointing slightly downward. While the drawings show the doll in an upright position, it is obvious that it could not stand in that position and might be designated as a reclining figure. One hand rests upon the abdomen and the other on a knee. The head is turned slightly to one side, and there is a pleasing, smiling, baby expression on the face. While the postures and features of the doll may not in all respects be those of a living baby, they do not fall far short of being such.

The denial of appellant's claim by the Patent Office tribunals is based upon two grounds: First, it was held by the Examiner that "the design still appears to involve substantially nothing more than a mere imitation or simulation of known or recognized expressions and attitudes of a young baby," and the Board stated that "It seems to us that there is no such departure from the natural form as to render the design sufficiently distinctive in this respect to merit allowance of the claim"; second, upon the prior art references which are as follows: Harrison, Design 48,442, January 11, 1916; Peruggi, Design 56,190, August 24, 1920; Jason Weiler & Sons, Boston, Mass., 46th Annual Catalog of Jewelry, etc., p. 82F (Cat. rec'd May 6, 1924).

In view of our conclusions as to the first ground, it is not necessary for us to consider the references of record. We

think the Board, in its approval of the first ground of rejection of the Examiner, arrived at the right conclusion, and its apt language, above quoted, meets with our approval.

Appellant, in a very full and exhaustive brief, has reviewed the authorities in considerable detail and made various contentions, some of which, in view of our conclusion, will require no consideration here. As we understand appellant's position, it is to the effect that a patented design of a naked baby doll, which usually is applied to a doll molded of resilient rubber, may consist of faithful and exact representations of natural living objects, if in the execution of the same there is such a departure from the prior art in the way of giving a pleasing and attractive appearance as to amount to invention. Appellant argues that the graceful and attractive position and appealing expression of the figure "imbued with the spirit of animation" in his design shows that invention was required in its production, and emphasizes the importance of the consideration of the commercial success of the doll "Squeeze Me," which is made in accordance with the design. While appellant urges that his design "is considered to be entirely unique and a skillfully executed product of the creative and imaginative faculties of the designer" and is not intended to be merely the reproduction or imitation of a live baby, he points to the fact that there are certain features of the design which are not found in the physical features of a baby. He argues that, while the design suggests, quite clearly, the human form, it is, nevertheless, an original creation with unique and original individuality.

Appellant calls attention to the fact that the Patent Office has granted numerous design patents on baby dolls which as nearly simulated the features, characteristics, and poses of the natural infant as does the one at bar, and calls attention to a number of cases involving the consideration of designs for naked dolls, and particularly has referred to Wilson v. Haber Bros. (C. C. A.) 275 F. 346, which involved the "Kewpie" doll, and Geo. Borgfeldt & Co. v. Weiss (C. C. A.) 265 F. 268, which involved the "Splashme" and "Duckme" bathing dolls.

Appellant suggests that his contentions in respect to the design at bar are supported by the fact that paintings and statuary may be the subject-matter of a design patent, citing Louis Dejonge & Co. v. Breuker & Kessler Co. (C. C.) 182 F. 150. Special emphasis is given the case of Ex parte Kaupmann, 1918 C. D. 49, a decision by Commissioner Newton, in which it was held that: " * * * I see no reason for requiring, as the Examiners-in-Chief have done, that the grotesque or some deformity that would arrest and hold the attention should exist."

Aside from the last-cited decision, no authority has been cited, and we have found no other which supports the conclusion that a naked baby doll simulating the natural features, positions, and characteristics of a baby without embodying some grotesqueness or departure from the natural form can involve such invention as to comply with the requirements of the design patent statute (35 USCA § 73 et seq.).

We are in full agreement with the conclusion of the Patent Office tribunals in this case that no invention is shown in embodying the natural form, features, expressions, and attitudes of a baby, and in the design at bar "there is no such departure from the natural form as to render the design sufficiently distinctive in this respect to merit allowance of the claim." We agree with the conclusion reached by the Examiner that "mere simulation or imitation of natural forms, which any artisan has the right to apply to any object, is not properly the subject of a patent." See In re Smith, 77 F.(2d) 513, 22 C. C. P. A. (Patents) ——, decided concurrently herewith.

If appellant's contentions were carried to their natural conclusion, a monopoly could be secured in that which every one has the right to apply to any object. If every natural, pleasing expression, posture, or characteristic of a living baby could be made the subject-matter of a design patent merely because all the particular poses and attractive features were not disclosed in a prior art reference, consequences might result similar to those expressed in the opinion of Circuit Judge Kohlsaat, restated in Bolte & Weyer Co. v. Knight Light Co. (C. C. A.) 180 F. 412, 415, as follows: "If every one who makes a graceful adaptation of a utility to the purposes for which it is endured at all can secure a monopoly thereby, one may soon be afraid to twist a wire or whittle a stick, lest he infringe."

While we agree with the contentions of counsel that the "Squeeze Me" doll at bar is pleasing and attractive, it is our view that the production of the design thereof did not require the exercise of inventive genius such as is contemplated by the design patent statute, and the decision of the Board of Appeals is affirmed.

Affirmed.