## JAS. H. MATTHEWS & CO. v. BRONZE, Inc.

### No. 7697.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1941.

Wm. B. Jaspert, of Pittsburgh, Pa., and Albert H. Pendleton, of Chicago, Ill. (Thiess, Olson & Mecklenburger, of Chicago, Ill., of counsel), for appellant.

Francis W. Parker, Jr., and Norman S. Parker, both of Chicago, Ill. (Parker & Carter, of Chicago, Ill., of counsel), for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant charged appellee with infringement of United States design patents Nos. 102,517 and 102,518 to Seibert and Williams. They were both issued December 29, 1936, on applications filed April 28, 1936, and were duly assigned to appellant before this action was instituted. Appellee's answer denied validity and infringement as to each patent. The District Court found and adjudged both patents infringed if valid; however, it held both patents invalid. From that decree this appeal is prosecuted.

Each patent discloses an ornamental design for a gravemarker, and that is the

only claim in either patent. Both patents relate to gravemarkers of rectangular shape that are substantially flat, having a rough-hewn rockedge border, somewhat beveled, and having a stippled or plain ledger within the border on which the inscription appears in raised letters.

The first patent has one of its sides curved to embrace a flower vase or urn which may be sunken in the ground when not in use. Otherwise the ornamentation and design features are the same in both patents. The gravemarkers of both patents are installed level or flush with the ground, so that they may be rolled over by lawnmowers in the maintenance operation.

■ Appellee contends that its design differs from that of either of the patents in that its edge is actually formed by a series of shallow, concave scored tool marks, and is a recurrent pattern and its ledger stands out above the rockedge, while the designs of the patents have a fibrous appearing rockedge which constitutes a random design pattern below which the ledger is embedded. Hence, it contends that the only features visible in the patents upon which invention may be based are absent in their entirety from the defendant's markers. It further contends that if the patents in suit are construed narrowly enough to avoid the prior art, they will not be sufficiently broad to cover appellee's markers. It suggests such narrow construction by reason of the statements of the patentees to the examiner during the prosecution of the claims, which it says amount to limitations of the claims. We doubt our power to so limit the claims, under the facts disclosed, and prefer to test the claims by the clear and unambiguous language employed. We think the court was right in holding the claims infringed if valid.

■ Appellant bases its argument on the assumption that the patents were limited to a bronze marker and that they were to be installed level or flush with the ground. There is nothing in the claims to limit the product to metallic markers, or as to how they should be positioned. Neither is there anything in the file wrappers which indicates a limitation as to material. The only thing in the file wrappers which even intimates the character of material to be used is the statement that the marker "produces the ornamental effect of a bronze slab, somewhat sunken in a rockedge frame * * *." Under the actual disclosure of the claims they cover gravemarkers made of any kind of material which have a plain center field with a beveled edge of granite or broken stone contour, and we are not warranted in holding under such a showing that appellant's markers are to be made of bronze or any other metal. The court held that appellant's markers, as disclosed by the patents, are distinguished from the prior art only by the material of which they are made, and that it is not invention to transfer to bronze a design previously known in stone. We think this finding is correct because the prior art abundantly discloses headstones rectangular in shape having roughened borders. See United States patents to Bremer, No. 20,475, which was not before the Examiner, and to Britton, No. 1,924,149, and other exhibits in this case which were not cited by the Examiner. See, also, In re Smith, Cust. & Pat. App., 77 F.2d 514; and In re Campbell, Cust. & Pat. App., 104 F.2d 394.

■ The patents in suit were not allowed until after they had been orally limited and defined in the file wrappers by mere statements made to the Examiner, and these limitations in the file wrapper related merely to minute details, and no change whatever was made in the claims or in the drawings which accompanied the claims. If we construe such statements of counsel to the Examiner as amounting to limitations on the claimed designs, we might well conclude that such limitations would save appellee from infringement. However, we think that such statements of counsel would not amount to a limitation of the claims, and as they stand we think each patent is invalid for lack of novelty.

The difference between the two patents in suit seems to be of a utilitarian character rather than artistic, and it is clear to us that there is no patentable design difference between them. The difference in configuration is made imperative by the elements which are combined and by the utilitarian purpose of the devices. See Applied Arts Corporation v. Grand Rapids Metalcraft Corporation, 6 Cir., 67 F.2d 428.

Furthermore, the designs of the patents appear to involve a mere limitation or simulation of what was old in stone by the use of bronze, and there is no such departure from the natural form as to render the designs sufficiently distinctive to merit allowance of the claims. Compare In re Smith, Cust. & Pat. App., 77 F.2d 514.

772

█ Commercial success is urged in support of the patents, but inasmuch as we have no doubt as to their invalidity, such evidence is not to be considered for the purpose of creating a doubt.

█ Appellant urges that the trial court's findings and conclusions were erroneous because he expressed doubt as to their correctness. We fully realize that if a trial court is in doubt as to validity he should support the findings and conclusions of the Examiner in that respect. That principle would also apply to this court. However, the District Court did not indicate doubt as to its findings. He merely prefaced his memorandum decision by stating, "I may be mistaken, but I do not see any novelty in the design." The phrase "I may be mistaken" does not indicate doubt on the part of the court as to its finding. That phrase is about the wisest statement a wise man can make, and we think there is no merit in appellant's contention.

The decree is affirmed.