NATURAL FOOD CO. v. WILLIAMS.

(Circuit Court of Appeals, Seventh Circuit.    April 14, 1908.)

No. 1,398.

PATENTS—SUIT FOR "INTERFERENCE"—CEREAL CUP.
    There is no "interference," within the meaning of Rev. St. § 4918 (U. S. Comp. St. 1901, p. 3394), between the Perky design patent, No. 25,318, for a design for a cereal cup, which is cylindrical in form, and the Williams patent, No. 820,899, for a shredded wheat biscuit made in the form of a cup, but which is nearly hemispherical in shape, having a rounded bottom.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3711.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Section 4918, Rev. St. (U. S. Comp. St. 1901, p. 3394), provides that:
"Wherever there are interfering patents, any person interested in any one of them, or the working of the inventions claimed under either of them, may have relief against the interfering patentee and all parties under him by a suit in equity against the owners of the interfering patent."

Appellant, as owner of design patent No. 25,318, which was issued on March 31, 1896, to Perky, for a "design for a cereal cup," filed a bill against appellee as owner of mechanical patent No. 820,899, which was granted to him on May 15, 1906, for a "shredded wheat biscuit," alleging that there was interference between claim 1 of the Williams patent and the single claim of the Perky patent. Appellee's demurrer was sustained, and the bill was dismissed for want of equity.

The bill exhibits both patents. The Perky "invention relates to a certain new and original design for edible cups, * * * and it consists in the novel form and configuration thereof. * * * The leading feature of the design consists in a cylindric cup having a large central circular cavity, which is seen to extend to within a short distance of its lower end, and whose side walls and bottom present externally and internally a rough and fibrous interstitial appearance, showing superposed masses or layers of threads or filaments which are so disposed that the threads or filaments of inner layers or portions are partially visible through the surface layers or portions, as shown in the drawings." What is claimed is: "The design for a cereal cup, substantially as herein shown and described." In vertical section the design is pictured thus:

Williams says in his specification: "The object of my invention is to provide a biscuit of pleasing appearance that shall have many advantages over biscuits heretofore in use. With this end in view, suitable food materials are

converted into filamentary form and then made into cup-shaped biscuits. * * * Whatever the material, the filaments are assembled in the form of a cup, A, preferably having all its walls of approximately the same thickness, which may be varied as desired, and, as appears from the drawings, the filaments are so arranged that although they interlace by passing toward and away from the interior of the cup the general course of nearly all of them is around the cup in various directions, the result being that the structure has a peculiar nest-like appearance while an axial section shows principally filament ends." The specification then proceeds to describe how this cup-shaped biscuit may be made. Claim 1 reads: "A cup-shaped biscuit made up of interlaced cereal filaments whose general courses are around the cup in various directions, forming a nest-like structure." The drawing of the Williams cup in vertical section is as follows:

Appellant's bill contains averments that Williams "applied for his said patent with the intention of covering and appropriating the structure and design protected by your orator's said patent"; "that simply a reading of the specification of the Williams patent and the comparison of the same with the specification of your orator's said design patent shows conclusively that the two things and structures identified by both of said patents are one and the same thing"; and "that the first claim of the Williams patent substantially identifies and stands for the single claim of your orator's design patent."

Charles K. Offield, for appellant.
Lysander Hill, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). Appellant's averments of identity and consequent interference are unavailing against the demurrer if their falsity appears from an inspection of the patents.

Passing appellee's contentions that the Perky patent is void on its face and therefore cannot supply a basis for any kind of suit in equity, and that interference can never properly be declared under section 4918 between a design patent and a mechanical patent, owing to their difference in character, we think it sufficient in this case to say that we find no interference in fact. The form which Perky claimed was beautiful and the form which Williams said was useful are radically different in their appeal to the eye, for in one the dominant line is straight and in the other curved.

The decree is affirmed.