## CRANE & BREED MFG. CO. v. ELGIN SILVER PLATE CO.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1920.)

No. 2765.

1. **Patents ⬤⇒328—46,108, for burial casket handle design, not infringed.**
   Design patent No. 46,108, for burial casket handle, *held* not infringed.

2. **Patents ⬤⇒252—Test of similarity of design stated.**
   If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one, supposing it to be the other, the first one patented is infringed by the other.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Crane & Breed Manufacturing Company against the Elgin Silver Plate Company. From decree of dismissal, plaintiff appeals. Affirmed.

A. F. Herbsleb, of Cincinnati, Ohio, for appellant.
Francis W. Parker, of Chicago, Ill., for appellee.

Before BAKER and PAGE, Circuit Judges, and FITZHENRY, District Judge.

---

PAGE, Circuit Judge. [1] Plaintiff appellant brought suit in the District Court of the United States for the Northern District of Illinois, as the owner and for infringement of design patent No. 46,108, for burial casket handle, dated July 21, 1914, issued on assignment from Charles Blesch, and this is an appeal to reverse the decree dismissing the bill of complaint for want of equity.

It is claimed that plaintiff appellant's design:

FIGURE 1.

—is infringed by defendant appellee's design (unpatented):

FIGURE 2.

Figure 1 represents the design shown in the patent, which does not describe the design.

[2] It is admitted in argument that the plate and handle bar are old. Plaintiff appellant's rights, if any, are confined to the particular design shown. Applying the test adopted in Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731:

"That if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other"

—it seems perfectly apparent that there can be no infringement. Confining the vision of the eye strictly to the designs, there is no point of resemblance between the two, except that each plate presents a broad, undecorated surface. The distinctive feature of defendant appellee's plate is a flat panel, surrounded by an undecorated border, the top and bottom lines of which are parallel, and the end lines are also parallel. In plaintiff appellant's plate there is a panel that is not flat, but has a vertical ridge in the center, very marked at the top, but growing less as it nears the bottom. The top border lines are broken, and come to a point in the center, and in front of the balance of the plate (see end view of plate, Figure 1). There are other marked differences. There is nothing in the record that shows that any one was deceived. The difference in price would account for increased sales of the later handle. It is almost impossible to imagine that plaintiff appellant's plate could be mistaken for the flat, unarched surface, with parallel lines, shown in the defendant appellee's device. Even though the rule laid down in Ashley v. Weeks-Numan Co., 220 Fed. 902, is correct, viz. it is not proper to place the two side by side, to determine whether or not there are certain differences, but that a correct test is whether the ordinary observer, giving such attention as a purchaser usually gives, would purchase the one believing it to be the other, it is difficult to see how a purchaser who had ever seen the two separately, and had any accurate mental picture of what each looked like, could mistake one for the other.

We are of opinion that there was no deceptive likeness between the two handles, and that there is no infringement. We do not pass upon the question of patentability of the design.

The decree is affirmed.