PERFECTION HEATER & MFG. CO. et al. v. NOBLE HEATER CO.

(Circuit Court of Appeals, Seventh Circuit. July 20, 1922.)

No. 2950.

1. Patents ⬳328—707,908, for foot warmer, void for want of invention.

Patent No. 707,908, for a foot warmer for vehicles, the only novel element in which is a pipe leading from the receiving chamber and extending rearwardly to discharge the spent heating medium at the rear of the vehicle, *held* invalid for want of invention, in view of the prior art.

2. Patents ⬳328—996,130, for automobile heater, held not infringed; "ducts."

The Pelton patent, No. 996,130, for an automobile heater, embracing radiator units so arranged as to provide a series of "ducts" of varying length, interposed between the radiator inlet and the outlet, *held* limited, in view of the specifications, drawings, and position taken before the Patent Office, to one in which the pipes or conduits are of uneven length, and, so construed, not infringed.

3. Patents ⬳328—Design No. 50,534 not infringed.

Design patent No. 50,534 *held* not infringed.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Patents ☜⟹328—1,148,617 for automobile heater not infringed.**
> The Pelton patent, No. 1,148,617, for a motor car heater, *held* limited to one having a valve projecting partly, but not wholly, across the bore of the exhaust pipe, and, so limited, not infringed.

Appeal from the District Court of the United States for the District of Indiana.

Suit by the Perfection Heater & Manufacturing Company and another against the Noble Heater Company. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

Harold Elno Smith, for appellants.
Ralph G. Lockwood, of Indianapolis, Ind., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Four patents are here involved. The District Court dismissed the bill for want of equity, from which we assume, in view of the issues, that all claims were held invalid or noninfringed.

[1] Patent No. 707,908, involving a "foot warmer for vehicles," expired some 19 days after the suit was begun. Claim 1, the only one involved, reads:

> "The combination, with a motor vehicle having a protected aperture in its footboard, of a receiving chamber, means for suspending the receiving chamber from the footboard below the aperture thereof, a pipe leading to the receiving chamber for supplying a heating medium to said chamber, and a pipe leading from said chamber and extending rearwardly to discharge the spent heating medium at the rear of the vehicle, as set forth."

Claims very similar, but lacking the last enumerated element, were rejected by the Patent Office as lacking in invention, and in the rejection the applicant acquiesced. We are at some loss, especially in the face of the prior art, to understand why the Patent Office allowed the claim in the face of its previous holdings respecting the nonpatentability of the first offered claims. We do not think the added element in the combination spelled invention.

The prior art, as shown by patents to Kempshall, No. 670,080, and to White, No. 375,521, and to Randolph, No. 239,671, very materially narrowed the field of discovery. Without discussing the question further, we conclude that claim 1 of this patent is invalid.

[2] Patent No. 996,130, to Pelton, covering an "automobile heater," is the second one involved to which the defense of noninfringement is interposed. Claim 1 reads:

> "The combination, with an engine exhaust pipe, of a radiator comprising a plurality of radiator units communicating with the exhaust pipe, an outlet pipe common to said units, *the radiator units being so arranged as to provide a series of ducts of varying length interposed between the radiator inlet and outlet*, whereby the impulses from the engine are broken up and discharged in a substantially continuous stream through the outlet."

Both claims call for the element italicized, and it is claimed neither is infringed because of such element. Counsel doubtless differ because of the different meanings ascribed to the word "duct" as it ap-

---

☜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pears in the claims. In view of the specifications, the drawings, and the position taken by the applicant before the Patent Office, we think "ducts of varying length" means the "pipes" or "conduits," which must be of uneven length to constitute an infringement. Thus construed, infringement is not shown.

[3] Design Patent No. 50,534. It would serve no useful purpose to discuss this patent and the appellee's structure, in view of our conclusion that infringement is not disclosed. To present the issue intelligently, drawings both of the design patent and the infringing structure should be reproduced. Of appellee's structure we have no drawings, though models were shown on the oral argument. After examining the alleged infringing structure, and comparing it with the design patent, we resolve the issue of infringement against appellant.

[4] Patent No. 1,148,617 to Pelton, covering a "motor car heater," is, so far as the present suit is concerned, limited to the presence or absence of the "valve" or "member projecting from said plate partly across the bore of the exhaust pipe and arranged to deflect a portion of the exhaust gases passing through into the conduit." Limiting patentee to a valve that can but partially obstruct the exhaust pipe, as we think we are bound to do both by the claims and the language of the specifications, infringement is not shown.

The decree is affirmed.