## BATTERY PATENTS CORPORATION v. CHICAGO CYCLE SUPPLY CO.

### No. 7087.

Circuit Court of Appeals, Seventh Circuit.

May 6, 1940.

Russell Wiles, Charles J. Merriam, Horace Dawson, George A. Chritton, and Chritton, Wiles, Davies, Hirschl & Dawson, all of Chicago, Ill., for appellant.

Albert G. McCaleb, Warren C. Horton, and Arthur Nelson Cornell, all of Chicago, Ill., for appellee.

Before TREANOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a decree holding invalid for want of invention design patent No. 107,358, to Lewis, December 7, 1937, filed December 28, 1934.

In his application, Lewis illustrated a combined bicycle wheel mud guard and lamp, the former being practically a half circle, and the latter, a streamlined lamp fixed on top of the guard. This combination, he asserted, was a new, original and ornamental design for a combined bicycle guard and lamp. He claimed "the ornamental design for a combined bicycle guard and lamp, substantially as shown." The Board of Appeals upon review sustained the examiner's rejection of the application. Plaintiff then sued in equity in the United States District Court for the District of Columbia, as permitted by R.S. § 4915, 35 U.S.C.A. § 63, seeking a decree directing that letters patent issue. The court found that the design did not disclose invention. Upon appeal, the United States Court of Appeals for the District, in Battery Patents Corp. v. Coe, 68 App.D.C. 61, 93 F.2d 220, reversed, finding that Lewis had achieved invention and directing that the patent issue.

In the present case the District Court found the evidence before it to be "quite different" from that presented in the prior litigation. Judge Igoe expressed the belief that if the evidence submitted had been presented at the original trial, the application would not have been sustained.

It is admitted that mud guards, such as that selected and illustrated by Lewis in his application, were old and that streamlined lamps of the same outward design as that of his prescribed form were known to the art but, also admittedly, Lewis was the first to combine this specific lamp and guard; and it is insisted by plaintiff that his combination, set up on a bicycle wheel and viewed as a whole, demonstrated originality in beauty of design.

Section 4929 of the Statutes, 35 U.S.C.A. § 73, provides that any person who has invented "any new, original, and ornamental design" for an article of manufacture may obtain a patent therefor. The law applicable does not differ from that governing mechanical patents. To entitle an applicant to the benefit of the act, in either case, there must be originality,— exercise of the inventive faculty. In the one, must appear creative novelty and utility; in the other, creative originality in artistry. Mere mechanical skill, whether of the artisan or of the artist, is insufficient. Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606; Bolte

& Weyer Co. v. Knight Light Co., 7 Cir., 180 F. 412. Designs consist of combinations and must be tested by their "over-all esthetic effect." In considering them, the question is not one of mechanical novelty or lack thereof, but one of creative artistry. Bolte & Weyer Co. v. Knight Light Co., 7 Cir., 180 F. 412; Pfeffer v. Western Doll Mfg. Co., 7 Cir., 283 F. 966.

Lewis' design was of pleasing effect, appealed to the public and soon met with noteworthy commercial success. This latter fact, plaintiff largely relies upon as proof of invention. True, public acceptance of a design patent is of great persuasive and well-nigh decisive effect in doubtful cases. Standard Match Corp. v. Bell Mach. Co., 7 Cir., 83 F.2d 365. But it may not be made the test of patentability to the extent that as a result any person, by securing a patent upon any trifling variation of the previously known art, may by pushing sales, drive competitors out of the market and secure a practical monopoly without having made any true contribution to the art. McClain v. Ortmayer, 141 U.S. 419, 12 S.Ct. 76, 35 L.Ed. 800. As this court has remarked, commercial success in exploiting a patent cannot be used to resolve the doubt as well as to create it, otherwise every useful and successful thing would be patentable. Republic Rubber Co. v. G. & J. Tire Co., 7 Cir., 212 F. 170. Extensive use has its appeal, but it does not supply all the evidence necessary to the essential element of invention,— original creation.

With these principles in mind, examining the evidence before us, we are unable to satisfy ourselves that Lewis was an inventor. When he selected a mud guard old in the art and placed on it a streamlined lamp, already in popular use on fenders of automobiles, it seems to us, he did only that which a skilled designer, working with the tools and materials at his command, would do. His was not the original conception of streamlining. That, he borrowed from another. He planted an attractive lamp upon an attractive and effective mud guard in a pleasing combination, and, though we warn ourselves of the oft-found tendency in looking backward, to conclude that a thing done was easy of accomplishment, our conclusion, at the risk of accusation of lack of appreciation of esthetic beauty, is that there was nothing creative, nothing inventive in Lew-is' design, despite the fact that his combination became a commercial success.

Our attention is urgently invited to the decision of the United States Court of Appeals for the District of Columbia directing the patent to issue. Examination of the record discloses that the District Court quite aptly found that much of the prior art here submitted was not presented to that court. What that decision might have been, had the same evidence been presented, is left solely to conjecture. The issue confronting us must be decided upon the record before us.

The decree of the District Court is affirmed.