**Joseph H. SPAULDING, dba Whiteway Manufacturing Company, Plaintiff-Appellant,**

v.

**GUARDIAN LIGHT COMPANY, Inc., Defendant-Appellee.**

**No. 12474.**

United States Court of Appeals
Seventh Circuit.

April 28, 1959.

Rehearing Denied June 29, 1959.

J. Warren Kinney, Jr., Cincinnati, Ohio, Howard T. Markey, Chicago, Ill., Parker & Carter, Chicago, Ill., of counsel, for appellant.

Charles B. Cannon, Geo. H. Wallace, Thomas E. Dorn, Wallace & Cannon, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Chief Judge.

This is a suit for the alleged infringement of Design Patent No. D–168,974 granted to Joseph H. Spaulding on March 3, 1953, on a design for a "Fluorescent Lighting Fixture." The application was filed October 30, 1952. Defendant filed a counterclaim for a declaratory judgment of invalidity and noninfringement.

The patent in suit discloses a lighting fixture in the form of a housing for fluorescent lighting equipment. The patent contains four drawings. Fig. 1 shows the inclined sides, the bottom and one end of the fixture; Fig. 2 is a bottom plan view; Fig. 3 is a top plan view, and Fig. 4 is an end elevational view.

The District Court held that if the patent were valid, defendant infringed, but further held that the patent was invalid. The basis for such decision was that the patent in suit was invalid a) because of lack of patentable design novelty, originality and design invention; b) because the design shown in the patent is functional and utilitarian and not ornamental; c) because the design of the patent represents merely the expected skill of designers and mechanics working

in the art; and d) because of lack of patentable design novelty over the prior art.

The parties to this suit are competitors in the business of manufacturing and selling lighting equipment for illuminating the pump islands and adjacent areas of gasoline service stations and the exteriors of service station buildings.

Plaintiff claims to have pioneered the so-called angle bottom light which he introduced under Ulrick Patent No. D–168,-812. Plaintiff asserts that although this light was vigorously promoted and threw more and better light over a greater area than previous lighting fixtures, it was a commercial flop because of its appearance. During the latter part of 1951, plaintiff claims he worked upon the design of a new fixture which would have "eye appeal." Three sample light fixtures embodying the new design were made for market testing in December, 1951. One hundred fifty of the Spaulding Angle lights were put up for sale in February, 1952, and plaintiff's witnesses testified they were very well received by the trade. Additional lights with many features of the patented design were sold but defendant claims that such fixtures were not made in accordance with the teachings of the patent in suit.

The design shown in the patent is of a plain unornamented geometrical configuration and consists of an elongated housing having a pair of end walls, a top wall, a flat longitudinally extending bottom panel and a pair of inclined side bottom panels which extend upwardly from the center bottom panel at an angle of approximately 15° from the horizontal. When these lighting fixtures are installed at filling stations in the usual manner, they rest on tall pipes or standards, usually nine feet above ground level.

The top wall design is shown in Figs. 3 and 4 of the drawings of the patent in suit. The top wall of the fixture is slightly pyramidal in shape. The top wall contains four triangular shaped panels each of which has its apex at the center of the top wall of the housing. Two of these panels extend from the center downwardly and outwardly to the ends of the side walls of the housing. The other two extend downwardly and outwardly to the ends of the end walls of the housing.

There is no description in the specifications or in the claim as to any dominant feature of the design. The claim of the patent in suit is commensurate with the drawings, and it incorporates by reference the design shown in the drawings and reads: "The ornamental design for a fluorescent lighting fixture, as shown." It has been held that where a patent did not point out any particular feature of novelty, every element of the design was essential. Dixie-Vortex Co. v. Lily-Tulip Cup Corp., 2 Cir., 95 F.2d 461.

Title 35 U.S.C.A. § 171 reads: "Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title. The provisions of this title relating to patents for inventions shall apply to patents for designs except as otherwise provided." The present statute omits the term "useful" which was employed in earlier statutes.

■■ A design patent, in order to be valid, must disclose a design that is new, original and ornamental, unanticipated and inventive in character, and beyond the skill of the ordinary designer or draftsman. Hopkins v. Waco Products, Inc., 7 Cir., 205 F.2d 221; Hueter v. Compco Corp., 7 Cir., 179 F.2d 416; Capex Co. v. Swartz, 7 Cir., 166 F.2d 5. Originality imparts something of uniqueness and character,—something more than mere novelty. 69 C.J.S. Patents § 73, page 350. A design patent cannot be obtained to protect a mechanical function or cover an article whose configuration affects its utility alone. 69 C.J.S. Patents § 73, page 351.

■ In the case at bar, plaintiff stresses the importance of commercial success. Plaintiff insists that the imme-

diate commercial acceptance of the Spaulding fixture is impressive evidence of patentability. We have held, and it is the general rule, that in a close case commercial success may tip the scales in determining whether an improvement amounts to an invention. Hueter v. Compco Corp., supra, at page 418. However, in the Hueter case we pointed out that the Supreme Court in Jungersen v. Ostby & Barton Company, 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235, said: "Where, as here, however, invention is plainly lacking, commercial success cannot fill the void." [179 F.2d 418.]

In the case at bar the District Court found that plaintiff failed to show that whatever commercial success his commercial lighting fixture had attained was due to the design disclosed in the patent in suit as distinguished from the utility of the fixture, the sales efforts of plaintiff and other factors. The Court also found there was no sufficient showing that any light fixture manufactured by plaintiff embodying the design of the patent in suit, was commercially successful, as plaintiff had abandoned the manufacture and sale of this fixture as early as the early part of 1955, for the reason of economy in manufacture. We cannot say that this finding is clearly erroneous.

We do not agree with the District Court that the patent in suit is invalid because lacking patentable novelty, originality and design invention over the prior art. The Court mentioned nine prior art patents, seven of which were not cited by the Patent Office. We think the four prior art patents cited by the Patent Office Tribunals more closely approach the design of the Spaulding Angle Light than any one of the seven additional patents mentioned. To illustrate, Guth Patent No. 2,488,012 and Guth No. 2,401,-

635 are mechanical patents and are merely cumulative if not identical with Guth No. D-148,695 which was cited by the Patent Office.

The District Court found that plaintiff's design patent in suit was invalid because it is functional and utilitarian rather than ornamental. In Hopkins v. Waco Products, Inc., 7 Cir., 205 F.2d 221, 223, we said: "A design dictated by mechanical or functional requirements is not patentable." And, in the Hueter case, supra, at page 417: "The courts have many times held that a purely functional design or one dictated by mechanical or functional requirements is not patentable." In the case at bar, this question is a rather close one. However, the plaintiff did advertise in the April, 1956 issue of National Petroleum News, page 72, with reference to his commercial fluorescent lighting fixture "Patented 15° angle (Pat. No. 168,942)[1] throws More light over a Wider area." This advertisement gave the impression that the fifteen degree angle arrangement of the glass side bottom panels was patented. Of course, plaintiff has or had no patent on that feature. We think the District Court's finding is not clearly erroneous and agree that the patent in suit is invalid because the design was functional and utilitarian rather than ornamental.

It would unduly extend this opinion to discuss in detail other points raised by the parties. We are content to state that the record before us supports the trial court's conclusion that the design of the fluorescent lighting fixture in suit represents merely the expected skill of designers and mechanics working in the art and did not represent design invention.

Affirmed.

1. It was agreed by the parties that the number of the patent given in the advertisement was in error and that plaintiff intended to refer to No. D-168,974 in suit.