AMEROCK CORPORATION, Plaintiff-Appellant,

v.

AUBREY HARDWARE MANUFACTURING, INC., Defendant-Appellee.

No. 12748.

United States Court of Appeals Seventh Circuit.

March 3, 1960.

Richard Russell Wolfe, Chicago, Ill., Edward B. Holt, Rockford, Ill., for appellant. Wolfe, Hubbard, Voit & Osann, Jarrett Ross Clark, Chicago, Ill., of counsel.

D. D. Allegretti, Chicago, Ill., for appellee. George B. Newitt, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and SWYGERT, District Judge.

HASTINGS, Chief Judge.

This was an action brought by plaintiff, Amerock Corporation, charging defendant, Aubrey Hardware Manufacturing, Inc., with infringement of United States Design Patent No. Des. 178,436, a design for a pull, granted to Charles C. Unzicker on July 31, 1956 and owned by plaintiff. Defendant answered denying infringement and alleging invalidity.

The patent in suit discloses a drawer pull in the form of a curved handle and a pair of legs. The patent contains four drawings. Figure 1 is a front elevation of the pull; Figure 2 is a side view; Figure 3 is a top view; and Figure 4 is a rear elevational view. There is no description as to any feature of the design. The single claim recites: "The ornamental design for a pull, substantially as shown." Three references are cited: No. D. 72,725, Rosenthal, May 24, 1927; No. D. 138,909, Stone et al., Sept. 26, 1944; and No. D. 169,414, Budai, Apr. 28, 1953.

Two forms of drawer pulls manufactured and sold by defendant are accused of infringing. Defendant admits that its first form is an infringement if the Unzicker patent is valid, but denies infringement by its second form of pull. The district court held the patent to be invalid and consequently did not reach the question of infringement. This appeal is from the judgment of invalidity.

The holding of invalidity by the district court was predicated on its findings that (1) the design patented merely incorporated old design features in an old combination of a curved handle with legs and did not represent patentable design invention over the prior art; (2) the design shown in the patent represented merely the expected skill of the ordinary designer working in the art; (3) the design of the patent was dictated by functional requirements; and (4) the commercial success of the patent could not fill the void caused by lack of invention.

Unzicker's design was twice rejected by the Patent Office as unpatentable over the three prior patents cited as references as shown above. After further correspondence, some changes in the specification and a personal interview with the Examiner, the Unzicker patent was issued.

The parties are competitors engaged in the business of manufacturing and selling cabinet hardware including drawer pulls.

Plaintiff concedes that its patented pull offers nothing out of the ordinary beyond its appearance and design. It is a common device which functions and performs in precisely the same manner as its companions old in the art. It contends that its sole distinction is its ornamental appearance, unique in character to the point of creating an unusual impression on the eye, resulting in an extraordinary aesthetic appeal to the buying public. While it cannot point out any dominant feature in the design itself, plaintiff insists that the total effect is an artistic achievement giving rise to the dignity of invention.

The design shown in the patent is of a plain "streamlined" curved hardware pull with tapered handle ends on a pair of legs which gradually widen as they merge into the handle. The district court found that these features were old in the art as disclosed by Hay Design Patent No. 152,198, Heyer Design Patent No. 169,-257 and Stone Design Patent No. 163,-833, which patents were not before the Patent Office.

Where, as in this case, a patent does not point out any particular feature of novelty, every element of the design is essential. Spaulding v. Guardian Light Company, 7 Cir., 1959, 267 F.2d 111, 112; Dixie-Vortex Co. v. Lily-Tulip

Cup Corporation, 2 Cir., 1938, 95 F.2d 461, 467.

Title 35 U.S.C.A. § 171 reads: "Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title. The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided."

■ It is settled beyond dispute that "[a] design patent, in order to be valid, must disclose a design that is new, original and ornamental, unanticipated and inventive in character, and beyond the skill of the ordinary designer or draftsman." Spaulding v. Guardian Light Company, 7 Cir., 1959, 267 F.2d 111, 112; Hopkins v. Waco Products, 7 Cir., 1953, 205 F.2d 221; Hueter v. Compco Corporation, 7 Cir., 1950, 179 F.2d 416; Capex Co. v. Swartz, 7 Cir., 1948, 166 F.2d 5; Zangerle & Peterson Co. v. Venice Furn. Novelty Mfg. Co., 7 Cir., 1943, 133 F.2d 266.

■ The law applicable to design patents does not differ from that governing mechanical patents in that in either case there must be originality and the exercise of the inventive faculty. Hopkins v. Waco Products, 7 Cir., 1953, 205 F.2d 221, 223; Burgess Vibrocrafters v. Atkins Industries, 7 Cir., 1953, 204 F.2d 311, 313; Laufenberg, Inc. v. Goldblatt Bros., 7 Cir., 1950, 179 F.2d 832, 834; Capex Co. v. Swartz, 7 Cir., 1948, 166 F.2d 5, 6.

■ The fact that the design may be "new and pleasing enough to catch the trade" alone is not sufficient. Hopkins v. Waco Products, 7 Cir., 1953, 205 F.2d 221, 223; Associated Plastics Companies v. Gits Molding Corp., 7 Cir., 1950, 182 F.2d 1000, 1004; S. Dresner & Son, Inc. v. Doppelt, 7 Cir., 1941, 120 F.2d 50, 52; Nat Lewis Purses v. Carole Bags, 2 Cir., 1936, 83 F.2d 475, 476. Likewise, "neither is it sufficient simply to show that no prior design is 'like' the one in suit." Burgess Vibrocrafters v. Atkins Industries, 7 Cir., 1953, 204 F.2d 311, 314.

■■ To fulfill the requirement for the exercise of the inventive faculty in design patents, we must find creative originality in artistry. Designs consist of combinations and are to be tested for their "over-all esthetic effect." Battery Patents Corporation v. Chicago Cycle S. Co., 7 Cir., 1940, 111 F.2d 861, 863.

In the case at bar, the design under scrutiny was "pleasing to the eye"; it was attractive enough to "catch the trade"; and it met with substantial commercial success. Plaintiff sold almost fourteen millions of its various pulls, in the five years after introduction in 1954. The design in question proved to be its best seller and sold almost ten to one over a companion pull with a straight handle. How much these sales were induced by promotion, advertising or functional value we do not know. Neither can we determine the extent of the sales resulting from the design disclosed in the patent in suit. See, Hopkins v. Waco Products, 7 Cir., 1953, 205 F.2d 221, 224.

■ We have recognized the general rule that in a close case commercial success may be decisive in resolving a doubtful situation. Spaulding v. Guardian Light Company, 7 Cir., 1959, 267 F.2d 111, 113; Burgess Vibrocrafters v. Atkins Industries, 7 Cir., 1953, 204 F.2d 311, 314; Hueter v. Compco Corporation, 7 Cir., 1950, 179 F.2d 416, 418. However, although commercial success in exploiting a patent may be used to resolve a doubt in favor of a patentee, it cannot be used to create a doubt; otherwise, every useful and successful thing would be patentable. Hueter v. Compco Corporation, 7 Cir., 1950, 179 F.2d 416, 418; Battery Patents Corporation v. Chicago Cycle S. Co., 7 Cir., 1940, 111 F.2d 861, 863. Where invention is plainly lacking, "commercial success cannot fill the void." Jungersen v. Ostby & Barton Co., 1949, 335 U.S. 560, 567, 69 S.Ct. 269, 272, 93 L.Ed. 235.

■ With these principles in mind, elusive as they are in their application, and examining the record and exhibits before us, we hold that the design in question does not rise to the level of

invention. Such dominant features as we are able to discern (the curved handle with tapered ends on a pair of legs which gradually widen as they merge into the handle) are all old in the art and in this old combination represent the expected skill of designers working the art. We do not find the total effect of the aesthetic appeal of this drawer pull design to warrant the conclusion that Unzicker achieved the heights of creative originality in artistry as would entitle plaintiff to a statutory monopoly. The patent is invalid.

While we entertain some doubt that the record supports the finding of the district court that the design was dictated by functional requirements, a resolution of that question is unnecessary in light of the foregoing holding. With this possible exception, we hold that the district court did not err in its findings of fact as to invention and that it applied the correct legal criteria in determining the standard of invention. Armour and Company v. Wilson & Co., Inc., 7 Cir., 1960, 274 F.2d 143.[1]

The judgment of the district court holding that Unzicker Design Patent No. Des. 178,436 is invalid is

Affirmed.

---

1. Design patents heretofore considered by this court are: Spaulding v. Guardian Light Company, 7 Cir., 1959, 267 F.2d 111, fluorescent lighting fixture, invalidity affirmed; Continental Art Company v. Bertolozzi, 7 Cir., 1956, 232 F.2d 131, lamp figurine, invalidity affirmed; Hopkins v. Waco Products, 7 Cir., 1953, 205 F.2d 221, tubular steel folding baggage rack, invalidity affirmed; Burgess Vibrocrafters v. Atkins Industries, 7 Cir., 1953, 204 F.2d 311, jigsaw, validity reversed and held invalid; Associated Plastics Companies v. Gits Molding Corp., 7 Cir., 1950, 182 F.2d 1000, ice cube freezing tray, invalidity affirmed; Laufenberg, Inc. v. Goldblatt Bros., 7 Cir., 1950, 179 F.2d 832, drip tray, invalidity affirmed; Hueter v. Compco Corporation, 7 Cir., 1950, 179 F.2d 416, article holding guard, invalidity affirmed; Circle S. Products Co. v. Powell Products, 7 Cir., 1949, 174 F.2d 562, photographic lamp holder, invalidity affirmed; Capex Co. v. Swartz, 7 Cir., 1948, 166 F.2d 5, game board, validity reversed and held invalid; Allegheny Steel & Brass Corporation v. Elting, 7 Cir., 1944, 141 F.2d 148, lamp arm, invalidity affirmed; Smith v. Dental Products Co., 7 Cir., 1944, 140 F.2d 140, ampule, validity reversed and held invalid; Zangerle & Peterson Co. v. Venice Furn. Novelty Mfg. Co., 7 Cir., 1943, 133 F.2d 266, lamp table, invalidity affirmed; Electro Mfg. Co. v. Yellin, 7 Cir., 1943, 132 F.2d 979, fluorescent lighting fixture, invalidity affirmed; Taylor Instrument Companies v. Fee & Stemwedel, 7 Cir., 1942, 129 F.2d 156, thermometer and thermometer case, invalidity affirmed; Jas. H. Matthews & Co. v. Bronze, 7 Cir., 1941, 124 F.2d 770, gravemarkers, invalidity affirmed; S. Dresner & Son v. Doppelt, 7 Cir., 1941, 120 F.2d 50, toilet articles bag, invalidity affirmed; Standard Mirror Co. v. H. W. Brown, Inc., 7 Cir., 1940, 113 F.2d 379, hand mirror, invalidity affirmed; Battery Patents Corporation v. Chicago Cycle S. Co., 7 Cir., 1940, 111 F.2d 861, bicycle guard and lamp, invalidity affirmed; Koch Mfg. Co. v. Blue Star Auto Stores, 7 Cir., 1939, 103 F.2d 598, automobile exhaust shroud, invalidity affirmed; Howell Co. v. Royal Metal Mfg. Co., 7 Cir., 1937, 93 F.2d 112, chair, invalidity affirmed; Standard Match Corporation v. Bell Mach. Co., 7 Cir., 1936, 83 F.2d 365, match holder, validity affirmed; Pfeffer v. Western Doll Mfg. Co., 7 Cir., 1922, 283 F. 966, doll, invalidity reversed and held valid; Perfection Heater & Mfg. Co. v. Noble Heater Co., 7 Cir., 1922, 283 F. 27, automobile heater, non-infringement affirmed; Crane & Breed Mfg. Co. v. Elgin Silver Plate Co., 7 Cir., 1920, 268 F. 543, burial casket handle, non-infringement affirmed; Bolte & Weyer Co. v. Knight Light Co., 7 Cir., 1910, 180 F. 412, lamp, non-infringement affirmed; Natural Food Co. v. Williams, 7 Cir., 1908, 163 F. 252, cereal cup, non-interference affirmed; Pelouze Scale & Mfg. Co. v. American Cutlery Co., 7 Cir., 1900, 102 F. 916, scale frame, non-infringement affirmed; Magic Light Co. v. Economy Gas-Lamp Co., 7 Cir., 1899, 97 F. 87, light fixture, infringement reversed, held non-infringed; Fuller v. Field, 1897, 82 F. 813, rosette, non-infringement affirmed; Dukes v. Bauerle, 1890, 41 F. 778, sewing-machine case, invalidity affirmed.