DAY–BRITE LIGHTING, INC., Plaintiff-Appellee,

v.

SANDEE MANUFACTURING CO., Defendant-Appellant.

No. 13028.

United States Court of Appeals Seventh Circuit.

Dec. 12, 1960.

Rehearing Denied Feb. 28, 1961.

Charles B. Spangenberg, Sidney Wallenstein, Chicago, Ill., for defendant-appellant.

Owen J. Ooms, Chicago, Ill., Frederick M. Woodruff, St. Louis, Mo., Malcolm S. Bradway, Ooms, Welsh & Bradway, Chicago, Ill., for plaintiff-appellee; Gravely, Lieder & Woodruff, St. Louis, Mo., of counsel.

Before SCHNACKENBERG, KNOCH and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an action for infringement of United States Patent No. Design 181,238,

for a panel of lighting fixtures, which was issued October 15, 1957, on an application filed with the United States Patent Office on June 7, 1956, in which Leo G. Stalhut and Carl X. Meyer are named as inventors and of which plaintiff is now the owner. Plaintiff also charges unfair competition.

Plaintiff is in the business of manufacturing and selling lighting fixtures for commercial and industrial use. It does not manufacture or sell panels as such but purchases them for incorporation into its lighting fixtures, which it manufactures and sells under its own name. The sales of plaintiff's fixtures are made through its representatives and selected distributors to electrical contractors and large industrial users, such fixtures normally being specified by architectural engineers, installations being made by electrical contractors. It advertises its fixtures in trade journals and by direct mail to its own representatives, its distributors and their salesmen, to architects, engineers and certain large industrial users.

Plaintiff's panel is called "Cleartex" and was sold to it by KSH Plastics, Inc., for incorporation by plaintiff in its lighting fixtures. Plaintiff commenced the sale of its fixtures with said "Cleartex" panels therein about April 1956. Plaintiff is the owner of United States Trademark Registration No. 660,987 for the trademark "Cleartex," which was issued April 29, 1958, and which trademark plaintiff utilizes in connection with its extruded plastic panels shown in the design of the patent in suit.

Defendant is in the business of manufacturing and selling extruded plastics, including panels for lighting fixtures. Defendant does not manufacture or sell lighting fixtures but sells its panels to manufacturers who in turn incorporate such panels in their lighting fixtures and sell them, under their respective names, through electrical distributors and electrical contractors. Defendant sells its panels through its own salesmen direct to its lighting fixture manufacturer customers, and defendant's advertising is by direct mail to such customers.

Defendant's panels alleged to infringe were manufactured and sold under its trade name, "Horizon," with three designs referred to as "First Horizon," "Second Horizon" and "Third Horizon." Defendant contends that the patent is invalid in view of the prior art and for lack of invention, and denies infringement as well as the charge of unfair competition.

The District Court entered its findings of fact, from which it concluded that the patent was valid, that it was infringed by each of defendant's "Horizon" panels and that defendant was guilty of unfair competition. The Court in its findings did not describe the prior art relied upon by defendant. However, in the interim between the entry of its findings and conclusions, referring to such art the Court stated, "It is sufficient to say that on the basis of that evidence the question of patentable invention is a close one here," but "the statutory presumption of validity and especially marked commercial success, such as I have found * * * are sufficient to resolve the question here, and I conclude that the element of invention was present and that the patent is valid."

Defendant contends that the Court erred in utilizing these two generally recognized principles in sustaining validity. It argues that the presumption of validity does not apply because pertinent prior art was not considered by the Patent Office and that as against such art the presumption does not exist. This Court has frequently so held. Senco Products, Inc. v. Fastener Corp., 269 F.2d 33, 34; Hobbs v. Wisconsin Power & Light Co., 250 F.2d 100, 105; Johnson Laboratories, Inc. v. Meissner Mfg. Co., 98 F.2d 937, 943, and Boynton v. Chicago Hardware Foundry Co., 77 F.2d 799, 780.

Plaintiff does not dispute this exception to the presumption of validity rule but argues that it is applicable only where there is a showing that the prior art is more pertinent than that cited and ruled upon by the Patent Office, and that defendant made no such showing. None of the cited cases attach such a condition to the exception rule.

Defendant does not dispute the commercial success rule (that is, increased sales) but argues that it is applicable only where such success is attributable to the patent in suit as distinguished from other factors, and that in any event it cannot be utilized to resolve in favor of validity a doubtful or close question of invention.

■ The Court found that plaintiff in its advertising matter offered a choice of at least seven different panels, that within three years after its introduction the "Cleartex" panel was outselling all other panels offered by plaintiff and that it "has had marked commercial acceptance and success." The Court made no specific finding that such commercial success was due to the design of the patent rather than to other factors; in fact, it is doubtful if the evidence would support such a finding. There is testimony, apparently undisputed, that there were numerous factors other than the alleged uniqueness and distinctiveness of plaintiff's design which contributed to the increased sales of its "Cleartex" panels. Among such factors were plaintiff's advertising and sales promotion campaign, sale of lighting fixtures with its "Cleartex" panel at a lesser price than fixtures with other panels and an increased interest in plastic panels as distinguished from those of glass. It was also shown that the utilitarian and functional characteristic of plaintiff's lighting fixtures was a factor in the increased sales.

The trial judge, in relying upon marked commercial success, cited Spaulding v. Guardian Light Co., Inc., 7 Cir., 267 F.2d 111. It is true this Court in that case stated (at page 113), "We have held, and it is the general rule, that in a close case commercial success may tip the scales in determining whether an improvement amounts to an invention." At the same time, we approved of a finding of the District Court that plaintiff had failed to show that his asserted commercial success "was due to the design disclosed in the patent in suit as distinguished from the utility of the fixture, the sales efforts of plaintiff and other factors." In the more recent case of Amerock Corp. v. Aubrey Hardware Mfg., Inc., 275 F.2d 346, 348, this Court rejected the alleged commercial success in support of the validity of a design patent. In doing so, we stated, "The design in question proved to be its best seller and sold almost ten to one over a companion pull with a straight handle. How much these sales were induced by promotion, advertising or functional value we do not know."

In our view, the asserted commercial success under the showing before us carries no weight in support of the validity of plaintiff's patent.

■ The prior art chiefly relied upon by defendant are "Unilite" and "Twinlite" lens panels of Corning Glass Works, Rolph patent No. 2,280,160, and McPhail patent No. 2,474,317, each of which discloses designs for panels on fluorescent lighting fixtures. An attempt to analyze such art in detail would unduly prolong this opinion and perhaps serve no useful purpose. Particularly is this so in view of the file wrapper history of the patent in suit.

The sole prior art cited and considered by the Patent Office was "Sweets File, Architectural, 1946, Section 30 a/4. Second page of Corning Glass Works Adv. Twin lens and Waffle lens light control panels." The panels shown in the cited reference, referred to as "Unilens" and "Twinlens" panels, were manufactured and sold by Corning Glass Works. Other panels, manufactured and sold by the same company prior to the date of the alleged invention in suit, were the Corning "Unilite" and "Twinlite." These panels were not cited or considered by the Patent Office but are here relied upon heavily by defendant as pertinent prior art which invalidate the patent in suit.

The patentees in their application filed specifications which stated that the invention consisted of "a new, original and ornamental design for a Panel for Lighting Fixtures or the like," which was accompanied by four drawings represented by figures 1, 2, 3 and 4, with the repre-

sentation that the design was substantially as shown in such figures. The Patent Office, under date of January 7, 1957, rejected the application "for lack of design novelty" and because no patentable ornamental difference was seen between the design in suit and that of the cited reference ("Twinlens"). Thereupon, applicants requested a reconsideration and made numerous representations to the Patent Office in an effort to distinguish their design from that of the cited art. Among other things they stressed the point that the rear surface of the panel of the cited reference was "stippled or fine lined," while the central portion of the rear surface of applicant's panel was provided with "spaced transverse ribs." After further interviews with the Examiner, Fig. 5 was added to the drawings of the application for the express purpose of showing the "spaced transverse ribs" on the rear surface of applicant's panel. With that addition, the patent in suit was granted. Thus, an important and perhaps controlling factor in the issuance of the patent was the addition of Fig. 5, so as to show the "spaced transverse ribs" on the rear surface of the panel in order to distinguish it from the cited reference.

Corning's "Unilite" and "Twinlite" panels of the prior art, relied upon by defendant and not cited or considered by the Patent Office, disclose "spaced transverse ribs" on the rear surface. As shown, it was the failure to show this feature which caused the Patent Office to reject the patentee's original claim, and it was only after its addition in the form of Fig. 5 that the patent issued. If the "Twinlite" panel with its "spaced transverse ribs" had been cited and considered by the Patent Office, it appears highly improbable that the patent would have issued.

We have difficulty in distinguishing from an ornamental standpoint between a panel "stippled or fine lined" and one with "spaced transverse ribs" on the rear side. However, the Patent Office, acquiesced in by the applicants, recognized the distinction and made it a controlling factor in the allowance of the application. In any event, if the design as originally disclosed did not constitute patentable invention over the cited art, as the Patent Office stated, we think there was still no invention after the addition of Fig. 5, which disclosed a feature of non-cited prior art.

Even though plaintiff's design was new and original with a decorative appeal, as found by the District Court, it did not, in our judgment, rise to the level of invention in view of the file wrapper history and prior art, not cited and considered by the Patent Office. As this Court stated in Amerock Corp. v. Aubrey Hardware Mfg., Inc., 275 F.2d 346, 348, " ' * * * in order to be valid, [a design patent] must disclose a design that is new, original and ornamental, unanticipated and inventive in character, and beyond the skill of the ordinary designer or draftsman.' "

Furthermore, if we assume, as the District Court thought, that "the question of patentable invention is a close one," we think for the reasons heretofore stated that the Court erred in sustaining the patent on the statutory presumption of validity and commercial success. We hold that the patent in suit is invalid.

The order appealed from is, therefore, reversed and the cause remanded, with directions to proceed in accordance with this holding.

### On Petition for Rehearing.

There is before us what plaintiff characterizes as a petition for clarification, for rehearing and for modification of our decision in the above entitled case, entered December 12, 1960.

Plaintiff in its argument for a rehearing on the issue of validity and infringement does little more than reiterate the argument originally submitted. We adhere to our previous holding.

Plaintiff contends for clarification and modification on the premise that we did not dispose of the issue of unfair competition. Plaintiff states, therefore, that it presumes that we intended to affirm

the District Court on that issue. There may be some basis for plaintiff's presumption, although we did not intend such a result.

We realize, of course, that a case of unfair competition may be made, separate and apart from that of infringement. In this case, however, we think the two issues were so closely allied that the former could not prevail in the absence of the latter and that holding the patent invalid and not infringed also disposed of the action for unfair competition adversely to plaintiff.

■ In any event, it has been held that the mere copying of the design of an invalid patent does not constitute unfair competition. This Court, in Zangerle & Peterson Co. v. Venice Furniture Novelty Mfg. Co., 7 Cir., 133 F.2d 266, 269, stated:

> "The defendant frankly admits it copied the plaintiff's table. If the plaintiff never had a patent, then the mere act of copying did not amount to unfair competition."

To the same effect is another decision by this Court, Sinko et al. v. Snow-Craggs Corp., 7 Cir., 105 F.2d 450. See also General Time Instruments Corp. v. United States Time Corp., 2 Cir., 165 F.2d 853, 854.

■■ The cited cases, after holding that the mere copying of a non-patented design is not sufficient, discuss and point out what the plaintiff must clearly prove in addition thereto in order to make a case of unfair competition. The principal elements are that the defendant represent its goods as those of the plaintiff, sometimes referred to as "palming off," or that there be shown a "secondary meaning" as to source, that is, that the public has been deceived into the belief that defendant's design emanated from the same source as that of the plaintiff. In our judgment, plaintiff failed to make such proof. It is true the Court found that the public was likely to believe that defendant's panels were plaintiff's Cleartex panels and that the trade associates the appearance of Cleartex panels with plaintiff and its trademark "Cleartex." Such findings, however, do not support the essential elements of "palming off" or "secondary meaning." The fact, if such it be, that there was confusion in the minds of the public because of the similarity between plaintiff's and defendant's product bears upon the infringement issue if the patent had been held valid. It is immaterial, however, to the issue of unfair competition because, as we have shown, the mere copying of a non-patented article or design, absent the other essential elements, does not constitute unfair competition.

We delete the last paragraph of our opinion and substitute therefor the following: "The order appealed from is reversed in toto and the cause remanded, with directions to dismiss the complaint."