LIBERMAN et al. v. RUWELL et al.

(Circuit Court of Appeals, Third Circuit.   May 18, 1909.)

No. 25.

1. PATENTS (§ 178*)—CONSTRUCTION—EQUIVALENT PARTS.

Where a patent depends for its novelty over the prior art upon a single limited feature of construction, the claims cannot be expanded by any doctrine of equivalents to cover a device which lacks that single essential feature.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 254½; Dec. Dig. § 178.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 328*) — INFRINGEMENT — CIGAR ROLLING TABLE AND WRAPPER CUTTER.

The Liberman patent, No. 668,921, for a combined cigar rolling table and wrapper cutter, construed, and, as limited by the prior art, *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 165 Fed. 208.

John P. Croasdale, for appellants.
Charles Howson, for appellees.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

GRAY, Circuit Judge. This is an appeal from the decree of the court below, dismissing the bill of complaint, in a suit brought upon letters patent No. 668,921, dated February 26, 1901, issued to Isadore Liberman, complainant's decedent, for certain improvements in a combined cigar rolling table and wrapper cutter. The opinion delivered by the court below, in dismissing the bill, is to be found in 165 Fed. 208. Approving the opinion of and conclusions reached by the learned judge of the court below, it is only necessary to add thereto certain observations suggested by points specially dwelt upon in the argument before this court.

The endless knife which projects through a suitable opening in the rolling table is, as described by the court below, an irregularly elliptically shaped boxlike structure, the top of the inclosing sides of which constitutes the knife edge, which, projecting slightly through the table, serves to cut the leaf spread over the table and the perforated platen, which rests upon springs just inside the knife edge of the box, and covers the space enclosed thereby. In the Williams patent of the prior art, this knife-edged box and the perforated platen inclosed were stationary, and the table moved vertically, so that alternately the knife might extend slightly above it or be flush with it, according as the cutting or wrapper rolling function of the machine was in use. The knife-edged sides of this boxlike structure were deep enough to inclose a considerable air space between the platen and the bottom of the box, and into the bottom of the chamber thus inclosed a suction tube, connected with an air pump, was introduced by which the air in the chamber being exhausted, the tobacco leaf was held securely on the perforated platen. In the patent in suit, which was for alleged improvements in a machine of this character, there is claimed a combination of the same forming and wrapping table, the same endless knife adapted to project through said table and also to lie flush therewith, but differing from the prior art, as exhibited in the Williams patent, by having the relative motion of the knife and table brought about by a vertically moving knife with a stationary table, and by having a structurally separate exhaust box carrying or supporting the knife.

The peculiarity of the case, as noted in the opinion of the learned judge of the court below, is, that in a previous suit, in which the infringer's device was an exact reproduction of that of the patent in suit, the patent was declared valid and infringement, of course, decreed. As the Williams patent, to which we have just referred, was in the prior art, the scope of plaintiff's invention must be narrowed thereby, and his claims restricted to those particulars which differentiate it with respect to that art, though its patentable validity may not be questioned. All the elements of complainant's patent are old, including the separate exhaust box, but the essential thing claimed is the structurally separate exhaust box connected with and supporting the endless knife, and moving vertically therewith through the surface of the stationary table. In the defendant's machine, we have the stationary knife and exhaust box and vertically moving table of the Williams patent. It is to be remembered that the exhaust box or chamber of that patent consisted of the inclosed space below the knife edge, which could be made of any required dimensions by the deepening or shortening of the inclosing sides of said chamber. In the patent in suit, this chamber is practically enlarged by taking the bottom out of the exhaust chamber, inclosed by the sides of the knife, and resting the sides of the knife upon, and securing them to, a structurally separate exhaust chamber, thus constituting an enlarged exhaust chamber, differing in that respect from the Williams patent only in degree. But this structurally separate exhaust chamber was old in the art, and the defendant has adopted it in his device, so that he has a stationary exhaust box supporting a stationary knife and a movable table relatively thereto. The patentee thus describes his invention:

"My invention comprises improved means for raising the knife above the surface of the surrounding table during the act of cutting the wrapper and then lowering the same flush with the table."

This means is a vertically moving exhaust box pushing the knife above it to the required position above the surface of the table and withdrawing the same by reversed vertical motion. This vertically moving exhaust box and knife is not present in defendant's machine, and one element of the combination described in the patent, therefore, as essential, is lacking.

The doctrine of equivalents, as applied to the relative motion between the table and the knife, has no application here. In the first place, the table cannot have a relative motion with reference to the exhaust box, in the sense in which it has it with reference to the knife, and though a structurally separate exhaust box is old in the art, plaintiff claims that a vertically moving exhaust box supporting the knife is new. But, without dwelling on a distinction which may be merely verbal, it is only necessary to remark that, where a patent depends for its novelty over the prior art upon a single limited feature of construction, the claims cannot be expanded by any doctrine of equivalents to cover a device which lacks that single essential feature. Dealing with the application of the doctrine of equivalents, in Wagner Typewriter Co. v. Wyckoff et al., 151 Fed. 585, 81 C. C. A. 129, the Circuit Court of Appeals said:

"Such an argument would hardly be permissible were we concerned with a broad fundamental patent, but in a patent strictly limited to a specific construction, it is wholly irrelevant. Gathright obtained his second patent because he convinced the Patent Office officials that he had made an improvement in the mechanism of the first patent; and we are now asked to hold as an infringer one who does not use the improvement. This cannot be done."

The decree of the court below is affirmed.