**DEATS SASH & DOOR CO. v. EVELETH et al.**

**No. 7360.**

Circuit Court of Appeals, Ninth Circuit.

July 10, 1934.

Rehearing Denied Aug. 29, 1934.

Ernest L. Wallace, of Los Angeles, Cal., for appellant.

Chas. R. Nelson and Alan Franklin, both of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This appeal is from the final decree of the District Court holding appellee's patent, No. 1,682,271, valid and infringed as to claim 3 thereof.

The patent in suit was issued to appellee Eveleth on August 28, 1928, for a combination screen and sash door; the window sash being adjustable so that it may be lowered to a concealed position in the lower part of the door when not in use. Appellee Arcadia Sash & Door Company, a corporation, has been granted a license by the patentee to make, use, and sell the invention covered by the Eveleth patent. Claim 3 of the Eveleth patent, the only one involved in this suit, reads as follows: "In a door of the type described, the combination of a door having spaced panels on its lower portion, a window slidably mounted in the door and adapted to be slid either to a concealed position between the lower panels or to an operative position in the upper portion of the door, a lid hingedly mounted over one of the spaced panels and adapted to be swung to a position overlapping the other spaced panel to conceal the window when in closed position, said lid having a longitudinal groove near its inner end, an upturned metal weatherstrip element adapted to seat in the groove portion of the lid to form a watertight closure element, and a screen having its bottom sash member provided with an inwardly slanting surface to permit of the lid swinging in to engage with the waterstrip element."

Appellant contends that the patent in suit is invalid because of lack of novelty and invention, and also because anticipated by prior patents which were pleaded in the answer. In support of the contention of invalidity of the patent in suit appellant introduced several prior patents an analysis of which shows that most of the elements set out in claim 3 of the patent in suit were present in the prior art.

The idea of a combination screen and sash door was not new with appellee Eveleth.

Three prior patents introduced in evidence, namely, Dobelman Patent No. 810,923, Casey Patent No. 1,507,158, and Casey Patent No. 1,572,184, were also issued for "a door having spaced panels on its lower portion a window slidably mounted in the door and adapted to be slid either to a concealed position between the lower panels or to an operative position in the upper part of the door" and "a screen." In addition, Casey Patent No. 1,507,158 discloses two hinged sills forming a lid over the pocket between the spaced panels and interfitting to prevent leakage. These three patents were pleaded in the answer as anticipating the patent in suit.

Patent No. 1,272,093, issued to Ramberg and Merman for a disappearing window structure, discloses a hinged lid covering the pocket formed between lower spaced panels with a groove in the lid fitting over the leg of an upturned metal weatherstrip in another hinged lid, thus forming a water-tight joint. The Beals Patent, No. 1,282,367, and the Elenga Patent, No. 1,382,348, both for disappearing windows, disclose a lid covering the pocket formed by spaced panels with one edge of the lid overlapping a weather-strip to insure water-tightness. These and several other prior patents were introduced in evidence for the purpose of showing the state of the prior art.

Appellees state in their brief:

"While the prior art may, in a small measure, show certain of the elements of the door covered by the Eveleth patent, it does not show all of the elements forming the novel combination covered by claim 3 of the patent. Claim 3 specified as one of its elements, 'an inwardly slanting surface to permit of the lid swinging to engage with the waterstrip element' to form a watertight closure element. No patents of the prior art show such an inwardly slanting surface or anything remotely like it.

"It is this slanting surface which provides the close relationship and compact arrangement of the sliding window, screen and watertight lid on the plaintiff's door, as covered by claim 3 of the patent in suit, and it is this novel combination and arrangement of elements that made it possible to provide the plaintiffs' novel and highly useful door of conventional form and thickness with combined screen and adjustable window. Likewise, this novel combination and arrangement of elements made the 'Eveleth Door' the first practical and successful door to take the place of the two doors previously and universally used, namely, a glass door and a screen door."

Appellant concedes that there is a distinguishing feature in the Eveleth patent over the prior art in that it has "a screen having its bottom sash member provided with an inwardly slanting surface to permit of the lid swinging in to engage with the waterstrip element." This permits the door to be of conventional form and thickness. The prior art had left only a narrow field for invention in the making of combination sash and screen doors and, as shown by the file wrapper introduced in evidence, it was the intention of the Patent Office to restrict claim 3 of the patent to the narrow limits set by the language used therein. Claim 3 as originally contained in the application for patent read: "A lid hingedly mounted on the middle portion of the door and adapted to be swung to a position to conceal the top of the window sash when the window is in lowered position, said lid also functioning as a weatherstrip element to prevent water leaking in."

Appellant concedes that had claim 3 been allowed in this form it would have read on appellant's door. This claim, however, was rejected by the Patent Office as not involving invention over prior patents cited. In the letter rejecting this and other claims, the Examiner stated, "With particular reference to claim 7 it is observed that a valid combination may be recognized between the slant on the screen, the window sash and the cover whereby the cover is permitted to co-act with the weather strip." Claim 3 was then amended along the lines indicated in the Examiner's letter, and was allowed in its present form. This history of claim 3 clearly indicates that it was not intended as a primary patent having a broad scope, but rather as an improvement patent, and limited to the form set out in the claim. As originally contained in the application, the claim was too broad to amount to invention over the prior art, but when limited to the exact form of the door conceived by the patentee the claim was allowed.

In view of the prior art and the history of claim 3 of the patent, the patentee is only entitled, at most, to the precise device mentioned in the claim. Boyd v. Janesville Hay Tool Co., 158 U. S. 260, 15 S. Ct. 837, 39 L. Ed. 973. As so construed, claim 3 of the patent is not infringed by appellant, and it therefore becomes unnecessary to discuss further or decide the question of the validity of claim 3 of the patent in suit.

The accompanying cross-section drawings of the Eveleth door and the Deats door will aid in clarifying the question of infringement.

READILY REMOVABLE SCREEN SASH

FIXED SCREEN

INSIDE WINDOW SASH STOP

OUTSIDE WINDOW SASH STOP

SLIDING WINDOW SASH

INSIDE WINDOW SASH STOP

BEVELED LOWER SCREEN SASH MEMBER

SPRING

LID

HINGE

HINGE

A LONGITUDINAL GROOVE

SCREEN SASH KEEPER STRIP

AN UPTURNED METAL WEATHERSTRIP

WINDOW SASH POCKET

INSIDE OF DOOR

OUTSIDE OF DOOR

OUTSIDE OF DOOR

INSIDE OF DOOR

PLAINTIFFS' DOOR

DEATS' DOOR

It is at once apparent that there are marked differences in appellant's door over appellees' door, though the result accomplished is virtually the same.

As the court said in Liberman v. Ruwell (C. C. A.) 170 F. 590, 592: "Where a patent depends for its novelty over the prior art upon a single limited feature of construction, the claims cannot be expanded by any doctrine of equivalents to cover a device which lacks that single essential feature."

In Harvey Hubbell, Inc., v. Am. Brass & Copper Co., 296 F. 47, 49, the Circuit Court of Appeals for the Second Circuit said:

"The doctrine of equivalents must be adjusted to the maxim that there can be no infringement by reaching the same result, which qua result is always unpatentable; and the same doctrine must not impugn the rule that infringement is always of a claim, and what is not claimed cannot be protected; even though the specification reveals its presence in the inventor's mind. It is only by doing the same thing in substantially the same way, that infringement results, and equivalence is confined to the limits of 'substantially.'

"This is the real teaching of Curtis, J., in his classic judgment in Winans v. Denmead, 15 How. 338, 14 L. Ed. 717; one must look through form to substance, and, if the patent is of or on substance, the form, however varied by the alleged infringer, is of no importance, but, if the patent be on form only, then a different form avoids infringement. * * *

"Finally we may summarily note, that the file wrapper and contents show that the claims in suit were evolved from two earlier claims. * * * The earlier claims were rejected as showing 'no invention,' and were thereupon changed to their present form. It seems to us that plaintiff is here asserting for the existing claims a scope which he could, we think, certainly have urged for the originals. This, under rules too familiar to need citation, he cannot do."

In its essential and distinguishing feature over the prior art, claim 3 of the patent in suit does not read on appellant's door which has no "screen having its bottom sash member provided with an inwardly slanting surface to permit of the lid swinging in to engage with the weatherstrip element." In fact, it has no screen sash at all. The lower window sash is essential to the appellees' plan for a removable screen, while the appellant's door has a screen permanently in place on the door, which requires no lower sash. The inside window stops of appellant's door are cut out, or beveled, to permit the lid to swing over the inside panel of the door thus covering the pocket formed by the spaced panels. In appellant's door the lid is hinged or pivoted over the outer panel of the lower part of the door instead of over the inner panel as in appellees' door, and while it is true that there is a water-tight closure in appellant's door, this is accomplished by an entirely different means than that used in appellees' door. Appellees contend that the means used by appellant come within the doctrine of equivalents, and that appellant has merely reversed the parts but that the function, mode of operation, and result, are the same. With this we cannot agree.

Appellant, by reversing the action of the lid from that in the Eveleth door, accomplishes an entirely different result. Appellant's door is so arranged that the lid operates automatically upon raising the window sash to an operative position in the upper part of the door, the lid being raised by the upper edge of the window sash as it is raised and the lid being forced back to its position over the pocket, after the window sash has cleared, by the leaf spring against which it has been pressed while the window sash was being raised. This automatic action cannot be accomplished in appellees' door.

Appellant's door being obviously different from the patented device, it does not infringe claim 3 of the patent.

Decree reversed.