## STANDARD MIRROR CO. v. H. W. BROWN, Inc.

### No. 7115.

Circuit Court of Appeals, Seventh Circuit.

June 22, 1940.

Waugh & McClellan, of Chicago, Ill. (Harold I. Popp, of Buffalo, N. Y., of counsel), for appellant.

Charles B. Cannon and Belt, Wallace & Cannon, all of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and WOODWARD, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a decision of the District Court dismissing a complaint charging patent infringement and unfair competition.[1]

The plaintiff is located in the City of Buffalo, New York—the defendant in Chicago, Illinois, and both are engaged in the manufacture and sale of hand mirrors which form the subject matter of the patents in suit. There are three patents involved, viz: La Hodny, et al., mechanical patent, No. 2,058,603, issued October 27, 1936, entitled "Mirror," and two La Hodny, et al. design patents No. D-92,661 issued July 3, 1934, and D-93,560 issued October 9, 1934, and each entitled "Design for a Hand Mirror." Each of the patents has been assigned to the plaintiff who is the owner thereof.

The invention described and claimed in the first named patent (mechanical patent) resides in the construction of a substantially frameless hand mirror in which the relatively large and heavy glass mirror panel is protected by a metal backing plate which is securely held between two jaws of a handle, one of which engages the obverse face of the mirror panel and the other the metal backing plate, which last jaw and metal plate are provided with interlocking recesses and projections so as to unite this jaw and the metal backing plate and prevent planar displacement of the mirror panel. The jaws are held together by means of a clamping screw.

Design patent D-92,661 is not limited to any particular surface ornamentation, but the invention claimed is expressed in the open declaration in the patent itself: "The design consists of a mirror having a metal back which extends around the edge portion only of the mirror and a bifurcated handle extending over the face of the mirror on one side and extending over the metal back on the other side."

The invention in design patent D-93,560 is illustrated in the drawings and, it is claimed, resides in the shell pattern of the handle and its jaws, the jaws having five radiating ridges or petals and the handle having a central lobe terminating in a rounded point and flanked by two shorter side lobes.

The two forms of mirrors manufactured by the defendant and charged to infringe are referred to as defendant's Exhibit No. 16 (same as plaintiff's Exhibit No. 7) or defendant's "Form A" mirror, and defendant's Exhibit No. 17, or defendant's "Form B" mirror.

The court below found that defendant's Exhibit No. 16 infringed claim 8 of the mechanical patent, if valid, but that defendant's Exhibit No. 17 did not infringe.

[1] The charge of unfair competition was abandoned by plaintiff on oral argument before this court, thus obviating any occasion for its consideration.

The court found, however, claim 8 invalid for lack of invention. The court found design patent D-92,661 not infringed by either form of defendant's mirror, without passing upon the validity of the patent. The court found design patent D-93,560 not infringed and also found the patent invalid for want of invention.

Thus, the contested issues are validity and infringement as to the mechanical patent; infringement of design patent D-92,661 and validity and infringement as to design patent D-93,560.

No appeal has been taken from the court's finding that defendant's Exhibit No. 16 infringes the mechanical patent and, hence, that finding is not before us. The finding of non-infringement as to defendant's Exhibit No. 17 does not appear to be of major importance unless we disagree with the lower court in its finding of non-validity, which we are not disposed to do. Only claim 8 of this patent is involved. The particular specification of the claim relied upon by defendant to avoid infringement is: "A handle * * * having a single jaw adapted to engage a small portion of the edge and a small portion of the adjacent face of said panel." It is argued that neither of the handle jaws nor sections of defendant's device engage any part of the edge of the mirror glass or panel, nor its metal backing as is called for in the claim. An examination of the exhibits before us is rather convincing that defendant's accused device may be thus distinguished. While this appears to be a rather narrow distinction by which to avoid infringement, we think, in view of the record disclosures, that it is sufficient. Without going into detail, it appears from the file wrapper that this patent was allowed only after the insertion of this particular element. It was the position of the examiner evidently, that without this feature or element, there was no invention. Since defendant's device does not include this element, we are of the opinion that the court properly found non-infringement. As was said in Liberman v. Ruwell, 3 Cir., 170 F. 590, 592: " * * * where a patent depends for its novelty over the prior art upon a single limited feature of construction, the claims cannot be expanded by any doctrine of equivalents to cover a device which lacks · that single essential feature. * * *"

The court found the claim invalid in view of the prior art and known methods of attaching handles to shovels, farm tools, household utensils and similar articles. Plaintiff argues that the court below, in arriving at its conclusion, was "confused by the simplicity of the invention." We admit that we may be confused for the same reason. As shown by the exhibits before us, circular mirrors with a metal backing, arranged in a frame of which the handle is a part, have long been old in the art. Also, the same character of mirrors and metal backs, with a two-piece handle attached to such mirrors and back with screws extending through the rear portion of the handle and into the metal back, are common in the trade. In all such devices, it was common to insert the glass plate in the metal backing by crimping such backing over the edge of the plate and upon the face of the mirror plate. By this means, the plate was securely fastened in the metal backing. Such was the accused device of defendant.

In addition to the means of attaching the handle jaws to the mirror plate and metal back, noted heretofore, the chief improvement, if any, over the prior art appears to be what is described in the specification as "a rimless hand mirror—in which substantially the full area of the mirror plate is useful." Plaintiff's alleged advantage in this respect consists of a plate, the edges of which are beveled or sloping outwardly from the face thereof. Thus, the metal back is crimped merely over the outside portion of the edge of the mirror plate and, therefore, covers no part of the mirror face, hence the claim of a rimless mirror. This, however, does not secure the plate glass as firmly to the metal backing as had been the practice, hence the importance attached to the element of the claim concerning the means of fastening and securing the two-handle jaws thereto. It is not disputed but that a split handle, screwed or fastened together in order to grip or hold an object, was old in the art. The most that can be said for plaintiff's means of fastening is, that it amounts to some variation from that employed heretofore. It would seem to us that any person engaged in this line of work would have no difficulty in discovering the means by which the handle jaws could be securely fastened to the mirror plate and its back. That is what plaintiff claimed in its patent. In our judgment, it did not constitute invention.

■ Design patent D-92,661 discloses in the drawing thereof a hand mirror embodying a circular glass panel having a beveled edge and a metal back, which is crimped or bent part way over the beveled edge of the glass, but does not project or extend over any part of the face of the glass panel. The dominant feature, as stated, reads as follows: "The design consists of a mirror having a metal back which extends around the edge portion only of the mirror. * * *" Defendant's accused device is not beveled but is straight-sided and the metal extends not only around the edge of the mirror glass or panel, but also projects over a portion of the face of the mirror panel. We agree with the District Court in its finding of non-infringement.

■ Design patent D-93,560 contains no description of the design except as is shown in two illustrated drawings, the first being a view of the front side of a hand mirror and the second a view of the reverse side. Plaintiff stresses the shell pattern consisting of five radiating ridges or petals shown upon the handle at or near the point of its attachment to the mirror frame, and also certain lobes appearing on the sides of the handle. Inasmuch as this design must be determined by appearance only, it would seem that a more distinguishing part of the design is the parallel striped pattern shown on the reverse side of the mirror. The metal plate used by plaintiff was not manufactured by it, but was purchased from the company who made a specialty of such work. Certainly, the mere placing of parallel stripes upon this metal back did not amount to invention, nor do we think it was invention even when used in connection with the so-called shell pattern shown upon the handle. We do not understand it to be claimed that this shell pattern design was new, but it is contended it was new when placed upon a mirror handle. We think the lower court properly found the patent invalid. We also agree with the finding that this design patent, if valid, was not infringed by defendant's device for the reason that the latter did not include parallel stripes on the back of the mirror, but had a checkered or diamond-shaped pattern, which is quite different in appearance from plaintiff's design. Other distinguishing features are claimed which we do not regard as necessary to discuss.

The decree of the District Court is affirmed.