## SCHMITT v. NORCOR MFG. CO.
### No. 706.

District Court, E. D. Wisconsin.
Sept. 12, 1944.

Ralph M. Snyder and Eugene C. O'Reilly, both of Chicago, Ill. of Parkinson & Lane, of Chicago, Ill., and Frank Fawcett, of Milwaukee, Wis., for plaintiff.

Lawrence C. Wheeler, of Milwaukee, Wis., and North, Bie, DuQuaine, Welsh & Trowbridge, of Green Bay, Wis., for defendant.

DUFFY, District Judge.

This is a suit alleging infringement of U. S. Patent No. 1,800,107 for folding chair issued to plaintiff on April 7, 1931, on application filed February 26, 1929. Claims 2, 3, 4 and 6[1] are in issue. Defenses are invalidity and noninfringement.

Although there may be serious doubt as to the validity of at least some of the claims in issue because of anticipation by the prior art, and especially the Cox chair which was manufactured in the summer of 1926, it is not necessary to decide that point as I have concluded the accused chairs manufactured by the defendant do not infringe.

---

[1] Claim 2. In a folding chair, front and rear legs, pivot means for said legs intermediate the ends thereof, and a brace connecting the rear legs together and provided with angularly disposed end portions, said end portions providing means for spacing the rear legs from the front legs and bearings for the pivot means between the front and rear legs.

Claim 3. A folding chair comprising a pair of front legs, a pair of rear legs arranged between said front legs and an independent pivot connection between each front and corresponding rear leg, a brace connecting the rear legs and provided with angularly disposed portions providing spacing means between the front and rear legs, said means having said independent pivot connections extending therethrough.

Claim 4. In a folding chair the combination of an upstanding seat back having channel-shaped side rails, a seat for folding between said rails and including a seat member and a frame surrounding said member, said frame including a pair of sides, a front and a rear, said seat member spaced from said sides to provide clearances, said sides in proximity to the rear ends thereof provided with openings, blocks slidably mounted in the channels of said rails, and headed pivots extending through said openings, fixed at their outer ends to said blocks and having the heads positioned in said clearances and opposing the inner faces of said sides whereby the seat is coupled with the blocks.

Claim 6. In a folding chair, the combination with a pair of front and a pair of rear legs, said front legs extending above the rear legs, means for pivotally connecting the front legs to the rear legs below the upper ends of the latter, said front legs being of channel shaped cross section, a chair seat pivotally connected to the top of the rear legs and slidably connected to the front legs within the channels of the latter above the pivotal connections between said legs, a combined support for the seat and brace for the front legs including an intermediate portion for supporting the seat and a pair of down curved end portions each terminating in a forwardly directed flange secured against the inner side of a front leg, and filler blocks positioned in the channels of the front legs and secured to said seat.

The four claims in issue are directed to three different features which are embodied in three different parts of the chair disclosed by the patent in suit. Claims 2 and 3 may be considered together as they are directed to the same feature, which is a cross brace whereof the angularly disposed end portions are interposed between the front and rear legs at the pivot so that they not only space the rear legs from the front legs but provide bearings for the pivot means. Defendant's chair 13 (Exhibit 18) is constructed similarly to the prior art Cox chair. It has no brace whatever and does not infringe.

Defendant's chairs 72 (Exhibit 19) and 73-f (Exhibit 2) do have a brace between the rear legs. However, in referring to the brace which connects the rear legs, Claim 2 states, "provided with angularly disposed end portions, said end portions providing means for spacing the rear legs from the front legs and bearings for the pivot means between the front and rear legs." Claim 3, referring to the brace which connects the rear legs, says this brace is "provided with angularly disclosed portions providing spacing means between the front and rear legs, said means having said independent pivot connections extending therethrough." The claims do not refer to the brace as a whole constituting a means for spacing the legs. They specify that the end portions provide spacing means and bearings. This is emphasized in the specification of the patent in suit (page 2, lines 10 to 16). The accused device has neither the brace ends which provide means for spacing the rear legs from the front legs nor does it have brace ends which provide bearings for the pivot means between the front and rear legs as called for in both Claims 2 and 3, and therefore does not infringe.

Claim 4 contemplates the use of a slide block in each channel of the side rails of the chair and a specific type of pivotal connection between the side block and the seat. The accused device has neither a slide block nor any kind of a slide pivoted to the seat. Instead it has a strap fixed to the seat. Similar to the 1926 Cox chair, a fixed end slides in the channel without affording any pivot whatever between the seat and the part which so slides. No infringement on this feature exists.

In his reply brief plaintiff does not insist upon his previously asserted claim of infringement of Claim 6, and I find that Claim 6 is not infringed.

██ As far as the claims in issue are concerned, plaintiff does not have a broad basic patent. The claims can be distinguished from the prior art, such as Burrowes No. 940,582, Howarth No. 63,897, and Decker No. 274,730, only by a limited feature of construction. Such claims cannot be extended by the doctrine of equivalents. Standard Mirror Co. v. H. W. Brown, 7 Cir., 113 F.2d 379.

██ Plaintiff points to previous litigation between the plaintiff and defendant's predecessor, to wit, Acme Chair and Metal Crafts Co. v. Northern Corrugating Co., 209 Wis. 8, 243 N.W. 415, 244 N.W. 582, In re Norcor Manufacturing Co., 223 Wis. 463, 271 N.W. 2, In re Norcor Manufacturing Co., 7 Cir., 97 F.2d 208, and In re Norcor Manufacturing Co., 7 Cir., 109 F.2d 407, and contends by reason thereof that defendant is estopped to present its defenses herein. The previous litigation was concerned with contracts, express and implied, between Schmitt and defendant's predecessor. This is the first case where the validity and infringement of Schmitt's patent are in issue. In addition, Schmitt's theory of estoppel has no possible application to the issue of noninfringement. Casco Products Corporation v. Sinke Tool & Manufacturing Co., 7 Cir., 116 F.2d 119.

Judgment will go for the defendant.