### SCHMITT v. NORCOR MFG. CO.
#### No. 8783.

Circuit Court of Appeals, Seventh Circuit.
Dec. 6, 1945.

520

Ralph M. Snyder and Eugene C. O'Reilly, both of Chicago, Ill., for appellant.

S. L. Wheeler, of Milwaukee, Wis., for appellee.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The defendant here was charged with infringement of claims 2, 3, 4 and 6 of United States Patent to Schmitt No. 1,800,107, for a folding chair, issued April 7, 1931, on an application filed February 26, 1929.

The defense was invalidity and lack of infringement, and the answer affirmatively demanded that the patent be declared void and each of its claims invalid. The District Court, in a special finding of facts, found that none of the claims relied upon was infringed by any of defendant's chairs. However, it did not pass upon the question of validity, because, as it said, it was unnecessary to do so, in view of the fact that there was no infringement. The decree followed the findings and dismissed the complaint for want of equity. From that decree this appeal is prosecuted, and the sole issue urged by plaintiff here is that the District Court erred in ruling that Claim 2[1] was not infringed.

The District Court gave a written opinion, 63 F.Supp. 623, wherein he stated that claim 2 does not refer to the brace as a whole constituting a means for spacing the legs. It specifies that the end portions provide spacing means and bearings. He further stated: "This is emphasized in the specification * * *. The accused device has neither the brace ends which provide means for spacing the rear legs from the front legs nor does it have brace ends which provide bearings for the pivot means between the front and rear legs as called for in * * * (claim 2) and therefore does not infringe."

"As far as the claims in issue are concerned, plaintiff does not have a broad basic patent. The claims (in issue) can be distinguished from the prior art, such as Burrowes No. 940,582, Howarth No. 63,897, and Decker No. 274,730, only by a limited feature of construction. Such claims cannot be extended by the doctrine of equivalents. Standard Mirror Co. v. H. W. Brown, 7 Cir., 113 F.2d 379."

We agree with the conclusions of the District Court in these respects. All elements here involved were old in the art, and the novelty, if any, of the disclosures of the patent was in the centralization of the elements in and around the brace which passes through the intersection of the legs of the chair.

Braces connecting the rear legs are as old as chairs, and are shown in prior art patents, supra, and Silverman No. 1,704,712, although in some the brace is not attached to, nor does it pass through, the point of intersection of the legs. Neither does it in the accused structure. In Burrowes there is a spacer between the intersection of the legs at the pivot which comprises a washer on the pivot between the legs. However, the brace between the rear legs is about midway between the pivot and the feet of the chair. The same is true of the Silverman patent, whose application was filed March 3, 1927. True, Schmitt urges that he made his invention in 1926. However, his testimony in this respect seems to be uncorroborated, and it will not be permitted to overcome the priority status of Silverman. McIlvaine Corp. v. Walgreen Co., 7 Cir., 138 F.2d 177. The court also found that a chair, referred to as the Cox chair, made in 1926, was prior art. If claim 2 in any manner differentiates from Silverman, it is by disclosing a brace having end portions performing the dual function of spacers for the legs and bearings for the pivot. The same may be said with respect to Burrowes. In fact, if we should adopt plaintiff's present interpretation of claim 2, it would read precisely on Burrowes. True, Burrowes is a wooden

---

[1] Claim 2. In a folding chair, front and rear legs, pivot means for said legs intermediate the ends thereof, and a brace connecting the rear legs together and provided with angularly disposed end portions, said end portions providing means for spacing the rear legs from the front legs and bearings for the pivot means between the front and rear legs.

chair. However, Schmitt has not limited his disclosure to metal, nor did Burrowes. The Cox chair of 1926 has no brace; neither do some of the accused structures, but both in Cox and the accused chairs a filler in the channeled leg provides for spacing the front and rear legs. In Cox, the filler was a solid block, whereas in the accused chair it is a stamped metal piece, and in neither is it a part of or attached to a brace. Except as here mentioned, the construction of Cox is substantially identical with the accused structures.

Plaintiff further urges that previous litigation in Wisconsin State Courts between him and defendant's predecessor estops defendant to present its defense herein. Those cases involved contracts for royalties, and the District Court was correct in holding that in neither were validity or infringement involved.

Decree affirmed.